Reynaldo G. SOLOMON, Appellant,

v.

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellee.

No. 13742.

Court of Civil Appeals of Texas.

San Antonio.

May 3, 1961.

Rehearing Denied May 31, 1961.

Rudy Rice, Frank R. Southers, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, James D. Baskin, Jr., San Antonio, for appellee.

BARROW, Justice.

This is a workmen's compensation case. The action was brought by appellant, Reynaldo Solomon, to set aside an award of the Industrial Accident Board. Appellant in his trial petition alleged that while and during the time he was employed by Orkin Exterminating Company, Inc., from the year 1953 until about June, 1956, which employment included getting under houses and spraying and dispensing chemicals known as Penta and Chlordane, which were mixed with petroleum and petroleum products, for termite control, on January 1, 1954, he suffered an accidental injury. That while engaged in such employment and in spraying under a house at or near Eagle Pass, Texas, he was forced to breathe and inhale a large amount of such exterminating chemicals, and as a result thereof said petroleum or petroleum product got into appellant's lungs, poisoning his lungs, and causing him to develop pneumonia, polycythemia, severe clubbing of plaintiff's fingers and toes, and severe damage to his lungs. That as a result of such injuries and damage to his lungs, appellant's lungs were weakened, resulting in and causing him to develop tuberculosis. Appellant further alleged that while so working during said dates he sustained an occupational disease of poisoning by petroleum and petroleum products. Appellee answered by general and special denials.

The trial was to a jury, but at the conclusion of appellant's evidence in chief, ap-

pellee filed a plea to the jurisdiction of the court based upon two grounds: (1) That there is a material and fatal variance between the cause of action sued on and the claim made by him before the Industrial Accident Board; (2) that appellant failed to give notice to his employer or to appellee within thirty days, and failed to file his claim for compensation with the Industrial Accident Board within six months from the date of the injury or the date of the first distinct manifestation of occupational disease, and continuously so failed until February 28, 1958, and as a matter of law failed to show good cause for such failure. The court sustained the plea in abatement and dismissed appellant's suit.

Appellant relies for reversal on three points: (1) That the court erred in sustaining the plea to the jurisdiction because there was no fatal variance between the claim made to the Industrial Accident Board and that sued on herein; (2) that the court erred in holding that there was such material variance, and in sustaining the plea, because if there was a variance it arose from appellant's pleading which was not affirmatively beyond amendment, and any such default should have been pointed out by exception to the pleading; (3) that the court erred in holding that he failed to give such timely notice and to timely file his claim with the Industrial Accident Board, and failed to show good cause for such failure, because appellant in fact had such good cause in that he did not know the nature, cause and extent of his injury.

■ We are of the opinion that the trial court's action in sustaining the plea to the jurisdiction and dismissing the suit was proper for the reason that there is a fatal variance between the claim made before the Industrial Accident Board and the cause of action alleged in the trial court.

The material portions of the claim made before the Industrial Accident Board are contained in the form styled, "Notice of Injury and Claim For Compensation" are as follows: "I was injured on June 24, 1956, in San Antonio, Bexar County, Texas. * * * I Started Losing Time On June 24, 1956. * * * Describe Accident and Your Injury (in your own words). Inhaled insecticides which damaged lungs permanently & also caused activation of tuberculosis." The claim is dated February 27, 1958, and was filed February 28, 1958. It was the only claim so filed.

■ It is well settled that a claimant in a workmen's compensation case must plead and prove that he has presented a claim before the Industrial Accident Board which has been acted upon by the Board, and the claim asserted in the District Court must be the same as that filed with and acted upon by the Board. Unless all these conditions are met the court does not have jurisdiction. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205; Mozley v. American General Ins. Co., Tex.Civ.App., 324 S.W.2d 925; Stratton v. Gulf Casualty Co., Tex.Civ.App., 53 S.W.2d 518.

■ It is readily apparent that the claim made before the Industrial Accident Board cannot be extended to include a claim for an occupational disease. There is no claim that the disease is one that usually results in the ordinary course of appellant's employment. An industrial accident or accidental injury is distinguished from an occupational disease by the following characteristics: An industrial accident or accidental injury can always be traced to a definite time, place and cause, whereas an industrial disease is of slow and gradual development, and the time, place and cause thereof are not susceptible of definite ascertainment. Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Rudd v. Gulf Cas. Co., Tex. Civ.App., 257 S.W.2d 809; American Surety Co. of New York v. Ritchie, Tex.Civ. App., 182 S.W.2d 501; Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W. 2d 371.

As for the allegations of a specific accidental injury, it is even more apparent that a fatal variance exists between the accident claimed before the Industrial Accident Board and that alleged in the District Court. The claim before the Board relied on an accident alleged to have occurred on June 24, 1956, in San Antonio, Texas, whereas in his pleading appellant relies on one alleged to have occurred on or about January 1, 1954, at or near Eagle Pass, Texas. Thus there is a discrepancy of almost two and one-half years in the time, and more than one hundred miles in the place of the accident. The trial court correctly sustained the plea to the jurisdiction and dismissed the suit.

By appellant's second point he contends that the court erred in sustaining the plea to the jurisdiction because his trial pleading was subject to amendment and the matter should have been raised by exception. We overrule the point. Appellant relies strongly on the opinion of this Court in the Mozley case, supra, which is not in point. In that case the Court sustained a plea to the jurisdiction before any evidence was offered, and at a time when the claimant might have amended his pleading to conform to the claim made before the Industrial Accident Board. In this case the plea was presented after claimant had made his proof. All of his proof related to an accident which occurred at or near Eagle Pass, Texas, on or about January 1, 1954, and there was no proof of any accident in San Antonio, either on or near the date of June 24, 1956. Even if appellant had amended his pleading to conform to his claim before the Board, it would have served no useful purpose as it would not have been sustained by the facts. Moreover, the question being one of jurisdiction it may be raised at any stage of the proceedings. Gulf, C. & S. F. Ry. Co. v. Taylor, 115 Tex. 238, 280 S.W. 542; Bearden v. Coker, Tex.Civ.App., 291 S.W.2d 790; Stewart v. Patterson, Tex.Civ.App., 204 S.W. 768; City of Gainesville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

Having held that the trial court's action in dismissing the cause for the reasons heretofore discussed was proper, we do not deem it necessary to pass upon appellant's third point.

The judgment is affirmed.