**MIDWESTERN INSURANCE COMPANY,**
Appellant,

v.

**Mallie WAGNER, Appellee.**

No. 3783.

Court of Civil Appeals of Texas.

Eastland.

Sept. 6, 1963.

Rehearing Denied Oct. 4, 1963.

Clayton, Martin & Harris, Amarillo, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

GRISSOM, Chief Justice.

On December 13, 1961, W. H. Wagner was a truck driver for Texas Tank Lines, Inc. About 12:00 o'clock at night he arose for the purpose of going to his employer's yard, starting a diesel truck and hauling asphalt for his employer. The temperature was below freezing and it was misting. He went to his employer's yard, tried to start the defendant's truck, being unable to start it, he went to the home of his employer's mechanic, told him he had been trying unsuccessfully to start the truck and asked the mechanic to help start it. The mechanic agreed to do so and Wagner drove his automobile back to the truck. The mechanic lived just off the employer's yard. He quickly dressed and went to the truck. When he got there Wagner was standing beside the truck. The mechanic started it. Wagner climbed into the truck and drove it across his employer's yard to a maintenance house on the yard where a fire was burning. Wagner left the truck running in an attempt to melt ice off the truck and went with the mechanic into the maintenance house where there was another employee. They stood and talked by the fire about ten minutes. Wagner then fell to the floor, gasped once or twice, and died. His widow brought this suit to recover death benefits under the workmen's compensation law.

Issues were submitted to a jury and answered as follows:

**1.**

"Do you find from a preponderance of the evidence that immediately prior to his death that W. H. Wagner suffered a heart attack as the result of a strain or overexertion?—ANSWER: Yes."

**2.**

"Do you find, from a preponderance of the evidence, that immediately prior to his death that W. H. Wagner was engaged in the course of his employment for TEXAS TANK LINES, INC.?—ANSWER: Yes."

**3.**

"Do you find, from a preponderance of the evidence, that the work, if any you have found, that W. H. WAGNER was doing in connection with his employment with TEXAS TANK LINES, Inc., was a producing cause of his heart attack?—ANSWER: Yes."

**4.**

"Do you find, from a preponderance of the evidence, that the death of W. H. WAGNER was not due solely to disease wholly independent of any injury, if any, sustained by him?—ANSWER: It was not due solely to disease."

The court rendered judgment for the plaintiff for $11,334.31. The insurance carrier has appealed.

Appellant's first point is that, the cause of Wagner's death being in dispute, the court erred in admitting in evidence a copy of Wagner's death certificate executed by a Justice of the Peace and certified by the County Clerk. The court erred in admitting said certificate. Service Mutual Insurance Company v. Banke, Tex.Civ.App., 155 S.W.2d 668, (Writ Ref.); Boehme v. Sovereign Camp Woodmen of the World, 98 Tex. 376, 84 S.W. 422; Universal Life & Accident Insurance Company v. Ledezma, Tex.Civ.App., 61 S.W.2d 165, 166; Armstrong v. Employers Casualty Company, Tex.Civ.App., 357 S.W.2d 168, 170; Washington National Insurance Company v. Chavez, Tex.Civ.App., 106 S.W.2d 751, 752, (Writ Dis.); Article 4477, Rules 41a, 51a and 54a, Vernon's Ann.Civ.St. The certificate recited that Wagner died as a result of a heart attack. While that fact was not expressly admitted, it is evident from the entire record that there was actually no controversy over the fact that Wagner's death was caused by a heart attack. It is undisputed that Wagner, who was about 62, arose on a very cold, damp night, drove to his employer's premises, spent some time trying to start a cold truck, was unable to start it, got another employee to start it for him, drove the truck to a house on the employer's premises where a fire was burning, left the engine running in order to melt ice off the truck, went inside, and ten minutes later, while talking to two other employees, fell to the floor, gasped once or twice, and died. Appellant says there was a serious dispute as to the cause of death. We think this statement is not supported by the record. Appellant presented no evidence, its cross examination was not directed against the conclusion, which was evident, that Wagner died from a heart attack. The real controversy was whether the work Wagner did in the course of his employment immediately before his death caused the heart attack. We conclude that admission of said certificate was not reasonably calculated to cause and did not probably cause rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434.

Appellant's second point is that the court erred in overruling defendant's objection number one to issue one because the jury was not thereby restricted to strain or overexertion in the course of Wagner's employment. The third point is that the court erred in overruling defendant's objection number two to the charge wherein it pointed out that the charge did not submit any issue inquiring whether Wagner suffered a personal injury to his body which was a producing cause of his death. The fourth point is that the court erred in overruling defendant's objection number five to the charge and in submitting issue one which inquired whether Wagner suffered a heart attack as a result of strain or overexertion, because there is no evidence that Wagner suffered a heart attack as a result of strain or overexertion. The fifth point is that the court erred in overruling appellant's fifth objection to the charge and in thereafter submitting issue one inquiring whether Wagner suffered a heart attack as a result of strain or overexertion, because the evidence is insufficient to support said issue. The sixth point is that the court erred in overruling grounds two and eleven of appellant's motion for judgment non obstante veredicto, because there is no evidence that Wagner suffered a heart attack as a result of strain or overexertion. The seventh point is the same as the sixth except it presents the contention that the answer to issue one that Wagner suffered a heart attack as a result of strain or overexertion is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

There was testimony from which the jury had a right to conclude that Wagner strained or overexerted himself by climbing in and out of the truck and that such action caused his heart attack and death. Approximately two hours passed between the time Wagner arose, went to the employer's premises under abnormal weather conditions in the middle of the night, attempted to start the truck, was unable to do so and, finally, got it started by his employer's mechanic,

drove to the maintenance house on the employer's premises, left the engine running in an attempt to melt ice off the truck, talked about ten minutes with his fellow employees and fell dead. There was evidence that even mild exertion will quicken the heartbeat and place a greater strain on the heart than exists while a person is not exerting himself and that the exertion in evidence caused Wagner's death. A hypothetical question, which included all material facts and circumstances in evidence with reference to Wagner's actions in the course of his employment immediately before his death, was propounded to a doctor who testified that in his opinion the precipitating cause of Wagner's heart attack was climbing in and out of the truck. It was evident that Wagner died on his employer's premises, in the course of his employment, of a heart attack. The question was whether the heart attack was precipitated by a strain or overexertion caused by what Wagner did immediately before in the course of his employment. It was not necessary for the court to define personal injury. The jury was asked whether immediately prior to his death Wagner suffered a heart attack as a result of strain or overexertion; whether immediately prior to his death Wagner was working in the course of his employment and, if so, whether such work was a producing cause of Wagner's death. The insurer pleaded that he died of natural causes. The court also submitted an issue inquiring whether his death was due solely to disease.

In United States Fidelity & Guaranty Company v. Herzik, Tex.Civ.App., 359 S.W. 2d 914, 919, the court held that if a strain caused by lifting any weight in the course of employment caused a rupture of the heart and death that it was compensable under the workmen's compensation law. It said:

"Nor should it be said that an injury from overexertion by one in a debilitated condition is not an accident simply because it required less violent exercise to produce the injury. Since we cannot fix any standard of condition, neither can we fix any standard of sufficiency

of cause operating upon the condition. The legal principle is the same, whether the injury results from lifting weights, as a can of paint, or by some other form of physical overexertion."

From the whole record we conclude there was evidence supporting the findings of the jury, including the answer to issue one that immediately prior to his death Wagner suffered a heart attack as a result of strain or overexertion. In Massachusetts Bonding & Insurance Company v. Massey, 5 Cir., 123 F.2d 447, 449, the court said:

"But it is also too well settled to require any detailed statement of the principle by us, that the fact that disease contributes to a death or disability is no reason for denying compensation for it, if something unforeseen occurred in the course of the employment which, acting with the disease, caused the injury; that it is only where the disease is the sole cause of the injury that a recovery is denied. * * * Appellant's argument seems to be very much like that which was advanced, but did not prevail, in the Brodtmann case, supra, that there must be direct evidence that the death was caused by, that is, connecting the death with, a particular exertion or activity. This will not do. It is sufficient if taking all the facts and circumstances, there is a reasonable basis for the conclusion that in the course of his employment, there was an exertion, the accidental and unlooked for result of which was a physical injury to his heart causing its failure and his death."

In Traders & General Ins. Co. v. Rooth, Tex.Civ.App., 268 S.W.2d 539, 541, (Ref. N.R.E.), the court said:

"Compensation benefits can be awarded if the workman, as a result of job exertion, sustains * * * heart attacks, notwithstanding the fact that predisposing factors contribute to the incapacity or death. * * * whatever the physical condition of the individual may be, if it is such that it requires some physi-

cal exertion or strain to cause the rupture, the injury is properly classed as an accidental one."

In Texas Employers' Ins. Ass'n v. Talmadge, Tex.Civ.App., 256 S.W.2d 945, 949, (Ref.N.R.E.), the court said:

"If the appellant is contending under this point that death or injury to a workman caused by over-exertion and strain while working on his job is not an accidental injury, the argument is overruled. Since the decision in the Carter case, Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581, it has been well established that an accidental injury in the course of employment is shown by the evidence that the injury or death occurred while the employee was at work and was caused by strenuous physical exertion."

It has been held, apparently with approval of the Supreme Court, that testimony such as we have here is sufficient to support a finding that an employee died as a result of a heart attack brought about by strain or overexertion in the course of his employment. We think there is a reasonable basis in the evidence for the conclusion that in the course of Wagner's employment, there was an exertion, the accidental and unlooked for result of which was a physical injury to his heart, causing its failure and his death. Massachusetts Bonding & Insurance Company v. Massey, 5 Cir., 123 F.2d 447, 449. From the very nature of the case much of the evidence was circumstantial or based on the answer of a medical expert to hypothetical questions, nevertheless, we think that a fact issue was raised as to whether the heart attack that killed Wagner was precipitated by strain or overexertion in the course of his employment.

■ A heart attack caused by such a strain or overexertion is an accidental injury to the physical structure of the body within the meaning of the workman's compensation law. Proof thereof, occurring in the course of employment, is sufficient to show a causal connection between injury and an employee's death resulting from such a heart attack. 45 Tex.Jur. 494; Carter v. Travelers Insurance Company, 132 Tex. 288, 120 S.W.2d 581, 584; Texas Employers' Insurance Association v. Lovett, Tex.Civ. App., 19 S.W.2d 397, 399, (Writ Ref.); Federal Underwriters Exchange v. Polson, Tex.Civ.App., 148 S.W.2d 956, 960, (Writ Dis. C. J.); Hartford Accident & Indemnity Company v. Gant, Tex.Civ.App., 346 S. W.2d 359, 363; and Texas Employers' Insurance Association v. Lovett, Tex.Civ.App., 19 S.W.2d 397, 400, (Writ Ref.). However, it is not essential that there be a finding that deceased's injury was the result of an accident. Texas Employers' Insurance Ass'n v. Agan, Tex.Civ.App., 252 S.W.2d 743, (Writ Ref.); Aetna Insurance Company v. Hart, Tex.Civ.App., 315 S.W.2d 169, 172, (Ref.N.R.E.); Texas Employers' Insurance Ass'n v. Smith, Tex.Civ.App., 235 S.W.2d 234.

The medical testimony that climbing in and out of the truck precipitated Wagner's heart attack is stronger than that in some other cases where a finding in accord with such an opinion has been sustained. See Texas Employers' Insurance Ass'n v. Hatcher, Tex.Civ.App., 365 S.W.2d 641, 649; Texas Employers' Insurance Ass'n v. Frazier, Tex.Civ.App., 259 S.W.2d 242, 244, (Ref.N.R.E.); Texas Employers' Insurance Ass'n v. Talmadge, Tex.Civ.App., 256 S.W. 2d 945, 952, (Ref.N.R.E.).

■ The court did not err in awarding interest on past due installments. Article 8306, Section 15; Article 8306a; 45 Tex. Jur. 633; Consolidated Underwriters v. Saxon, 265 S.W. 143, 147, (Tex.Com.App.).

We have carefully considered all of appellant's points. They are overruled. We think reversible error is not shown. The judgment is affirmed.