Roger M. **OLSON**, Petitioner,

v.

**HARTFORD ACCIDENT AND INDEMNI-
TY COMPANY**, Respondent.

No. B–2800.

Supreme Court of Texas.

March 1, 1972.

Rehearing Denied April 12, 1972.

Calvin W. Wesch, Kermit, for petitioner.

Shafer, Gilliland, Davis, Bunton & Mc-
Collum, Elton Gilliland, Odessa, for re-
spondent.

GREENHILL, Justice.

In this workmen's compensation
case, the problem is whether the plaintiff,
who had a heart attack while on the job,
suffered a compensable accidental injury.
The trial court entered a judgment upon a
jury verdict for the plaintiff. The Court
of Civil Appeals reversed and rendered a
take-nothing judgment because there was
no showing of any strain, exertion, trau-
matic shock, or particular exciting mental
stimulus which precipitated the heart at-
tack. 466 S.W.2d 373. We affirm.

The facts are set out in the opinion of
the Court of Civil Appeals. The plaintiff
did not perform manual labor as that term
is usually understood. Previous to his
heart attack, he was not subject to any
particular physical strain or overexertion.
He was the subject of three or four irri-
tating or frustrating experiences on the job
over a period of 19 days. These occur-
rences caused him to be nervous, disturbed,
exasperated, and annoyed. These manifes-
tations may be characterized as mental
stimuli. But no attempt was made to con-
nect any one of them to the heart attack
which the plaintiff had.

For there to be an accidental inju-
ry, or an industrial accident, there must be
an undesigned, untoward event traceable to
a definite time, place, and cause. *Solomon
v. Massachusetts Bonding & Insurance
Company,* 347 S.W.2d 17 (Tex.Civ.App.

1961, writ refused); Frazier v. Employers Mutual Casualty Co., 368 S.W.2d 955 (Tex.Civ.App.1963, writ ref., n. r. e.); Whitaker v. General Insurance Co. of America, 461 S.W.2d 148 (Tex.Civ.App. 1971, writ ref., n. r. e.). This court, in Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916), in dealing with the purpose of the Workmen's Compensation Act, said,

". . . the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited." 185 S.W. at 560.

The cases allowing recovery for heart attacks, strokes, and traumatic neuroses have involved particular events. See for example Insurance Co. of North America v. Kneten, 440 S.W.2d 52 (Tex.1969), (heart attack after electric shock); Hood v. Texas Indemnity Co., 146 Tex. 522, 209 S.W. 2d 345 (1948), (traumatic neurosis following injury to foot and elbow); Bailey v. American General Ins. Co., 154 Tex. 430, 279 S.W.2d 315 (1955), (traumatic neurosis by a worker on a scaffold after seeing a fellow worker plunge to his death from the scaffold); Midwestern Ins. Co. v. Wagner, 370 S.W.2d 779 (Tex.Civ.App.1963, writ ref., n. r. e.), (heart attack after particular strain and overexertion); Aetna Insurance Co. v. Hart, 315 S.W.2d 169 (Tex.Civ. App.1958, writ ref., n. r. e.), (stroke suffered by a lady immediately after being violently berated by a customer and after experiencing fear of being shot or physically harmed by him); Travelers Ins. Co. v. Garcia, 417 S.W.2d 630 (Tex.Civ.App. 1967, writ ref., n. r. e.), (neurosis after experiencing armed robbery and being "scared to death," and where shock treatments were required); Aetna Casualty & Surety Co. v. Scruggs, 413 S.W.2d 416 (Tex.Civ.App.1967, no writ), (heart attack following strain in lifting 40 foot steel rods); Hartford Accident & Indemnity Co. v. Gant, 346 S.W.2d 359 (Tex.Civ.

App.1961, no writ), (heart attack while lifting several 53 pound packages).

As stated by the late Justice Norvell, the Legislature has not provided health insurance, but has designed the law to provide for compensation for incapacity flowing from an accidental personal injury. Houston Fire & Casualty Co. v. Biber, 146 S. W.2d 442 (Tex.Civ.App.1940, writ dism., judgm. cor.), (cerebral hemorrhage on the job unrelated to strain or physical exertion). As above noted, this court has been liberal in construing both the word "accidental" and the word "injury" in cases involving heart attacks, strokes and traumatic neurosis cases, and in holding that there was some evidence of a particular strain, overexertion or shock which caused the incapacity. But, except in the case of the occupational diseases designated by the Legislature, it has adhered to the requirement that there be an accidental injury traceable to a definite time, place, and cause. This element is lacking here.

The judgment of the Court of Civil Appeals is affirmed.

STEAKLEY, Justice (dissenting).

The majority has denied an employee compensation benefits *not* for lack of a showing and finding of causation but because of the nature of the cause. It rules that the heart attack here was not an accidental injury because it was not "traceable to a definite time, place, and cause" and says, in effect, that an injury caused by the cumulative effect of mental stimuli (or physical strain, for that matter) arising in a series of job-connected incidents without an isolated precipitating event, is not accidental and hence is not compensable. But surely it is the law, for example, that a heart attack suffered by a workman after working hours would constitute an accidental and compensable injury where the circumstantial and medical proof is that the heart attack was caused by repeated job-connected climbing of ladders during the preceding workday. But where in such in-

stance is the work event traceable to a definite time, place and cause, and not so here? The only distinction that can be drawn is one between physical and mental stress and strain and it is this distinction which necessarily follows from the majority opinion, and in our first writing in this area, that impels me to protest.

There was probative evidence of job-connected incidents which in the opinion of the medical witness offered by Olson caused mental and emotional stress which contributed to and precipitated his coronary occlusion. A brief description of these instances is in order. Olson was an oil field employee whose duties required accurate and close schedule logging of drill cuttings as the well progressed. In connection with these duties, he was shown to have suffered recurring emotional stress from a series of incidents in his work between March 4, and March 23, 1968. It is not claimed that Olson suffered physical strain or overexertion on these occasions but that he became emotionally upset and that the cumulative effect was the precipitating cause of the heart attack he suffered thereafter. The first of the upsetting incidents occurred on March 4, when Olson was instructed by his employer to alter a previous log entry by changing the identification of a formation from anhydrite to sand, and which Olson felt adversely affected his professional integrity and standing. The second upsetting event required the unclogging by Olson during the night of March 20, of the drainage line carrying the drill cuttings. This was followed two nights later when Olson was required to clear an incoming cuttings line which interrupted his tight schedule of logging every two feet of drilling normally at ten minute intervals. The fourth upsetting circumstance involved the recurring malfunctioning of a device called a chromatograph which was used to detect the presence of combustible gases, and which rendered questionable the accuracy of Olson's findings. On March 23, 1968, while working, Olson suffered a heart attack described as a coronary occlusion resulting in an acute posterior myocardial infarction. He was immediately hospitalized and did not return to work for more than a year.

The current state of the law, at least as I understand it, is illustrated in the recent case of Pan American Fire & Casualty Co. v. Reed, 436 S.W.2d 561 (Tex.Civ.App. 1968, writ ref'd n. r. e.). There the workman was found dead beside his truck after a day of work. There was no witness to or showing of a preceding undesigned or untoward event of definite time or cause. One medical witness expressed the opinion that the deceased had an acute coronary occlusion which caused his death. The testimony of another medical witness was: "My opinion would be that he previously had some sort of * * * a certain amount of coronary vessel disease. I would be of the opinion that because of his increased activity, demanding an increased work load on his heart, that the blood supply was not present and that was the cause of his death." The court emphasized that from the nature of the case much of the evidence was circumstantial or based on the testimony of the medical witnesses in answer to hypothetical questions, but nevertheless held the evidence sufficient to support the essential fact findings, including that of causal relation between the heart attack and the employment. The crucial proof was the medical opinion testimony that the increased work activity demanded more of the heart and fatally decreased the blood supply. I read the medical testimony here to say the same, in ultimate effect, regarding the increased mental and emotional stress suffered by Olson from the series of untoward and undesigned events in his work routine.

The three cases chiefly cited in the majority opinion do not carry us where the majority has gone. Solomon[1] was a suit

1. Solomon v. Massachusetts Bonding & Insurance Co., 347 S.W.2d 17 (Tex.Civ. App.1961, writ ref'd); Frazier v. Employers Mutual Casualty Co., 368 S.W.

claiming occupational disease in which the intermediate court decided only a question of variance between the claim made to the Industrial Accident Board and that sued on. The medical witness in *Frazier*[1] testified that the employee was suffering from spasmodic torticollis which had given her trouble with her back and neck for approximately a year; that it had developed insidiously and was the cause of her disability; and that her job pressures were no more than "one link in the chain." The court held that under the evidence the employee had contracted a disease, at least partly, from the work in which she engaged and that as to her it was an occupational disease. *Whitaker*[1] was rested upon the absence of evidence that the heart attack victim was required to perform work that required strenuous exertion or strain, or that he performed any kind of work at all for some time prior to his death; further, that the opinion of the most favorable medical witness was based in part, if not in whole, upon facts not proved in the record.

It is true that heart attacks, strokes and traumatic neuroses will most often involve a particular physical source or event such as those considered in the cases cited by the majority for general reference. But it does not follow that physical harm is any less so when caused by the additive effect of more than one event, whether physical, mental or emotional. The producing cause of an accidental injury may be mental as well as physical and in my view a heart attack caused by a work induced state of mind is a compensable injury to the same extent as one caused by physical strain. It is generally recognized that a physical injury occurring in the course and by reason of employment, whether caused by physical strain or overexertion, or by mental and emotional stimulus, is a compensable injury if there is established a causal relation with a risk and hazard of the employment. Midwestern Ins. Co. v. Wagner, 370 S.W. 2d 779 (Tex.Civ.App.1963, writ ref'd n. r. e.); Texas Employers' Ins. Association v. Rogers, 368 S.W.2d 21 (Tex.Civ.App.1963, writ ref'd n. r. e.); Aetna Ins. Co. v. Hart, 315 S.W.2d 169 (Tex.Civ.App.1958, writ ref'd n. r. e.); Aetna Casualty & Surety Co. v. Scruggs, 413 S.W.2d 416 (Tex.Civ.App.1967, no writ); Hartford Accident & Indemnity Co. v. Gant, 346 S. W.2d 359 (Tex.Civ.App.1961, no writ). And cf. Bailey v. American General Ins. Co., 154 Tex. 430, 279 S.W.2d 315 (1955).

Olson was under the burden of showing that the emotional strain and mental stimulus suffered by him in the course of employment was the producing cause of his heart attack, i. e., that his injury was the result of a risk or hazard of his employment. He discharged this burden by establishing the series of work incidents causing him mental and emotional stress, and by presenting medical causation testimony. We thus have probable causal relationship shown by expert testimony with the trier of fact deciding the issue of causation. Cf. Lenger v. Physician's General Hospital, Inc., 455 S.W.2d 703 (Tex.1970). I can see no statutory basis for holding that an injury causing incapacity cannot qualify the workman for compensation benefits when it results from a series of work incidents rather than from one untoward event, or when the producing cause is mental rather than physical harm. I read the majority opinion otherwise and so respectfully dissent.

REAVLEY, J., joins in this dissent.

2d 955 (Tex.Civ.App.1963, writ ref'd n. r. e.); Whitaker v. General Insurance

Co. of America, 461 S.W.2d 148 (Tex. Civ.App.1970, writ ref'd n. r. e.).