Mary L. BAIRD, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 8287.

Court of Civil Appeals of Texas, Amarillo.

June 30, 1972.

Rehearing Denied Sept. 5, 1972.

Huff & Bowers, Forrest Bowers, Lubbock, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Michael C. Musick, Amarillo, for appellee.

REYNOLDS, Justice.

The appeal in this case originates from the district court's instructed verdict adverse to Mary L. Baird, appellant, in her suit against Texas Employers' Insurance Association, appellee, for workmen's compensation death benefits. The appellant sought recovery for the sudden death of her husband while on the job for his employer, G. E. Jones Electric Company. Initially, the Industrial Accident Board made an award favorable to appellant and appellee's appeal to the district court resulted in the above mentioned instructed verdict. Affirmed.

G. E. Jones Electric Company has its home office in Amarillo, Texas, and maintains a branch office in Plainview, Texas. Loran Baird, husband of appellant, was a supervisor for the electric company. On the morning of October 6, 1970, Mr. Baird met his helper and fellow employee, Charles Starr, at the Amarillo office to plan their work for the day which was to be the installation of some electrical wiring in a cotton gin located approximately eight miles from Turkey, Texas. After their meeting, Starr left for Plainview in a truck to procure supplies and Baird departed for their job site. Upon obtaining the necessary materials, Starr drove to the cotton gin, arriving about 10:30 or 11:00 a. m. There was no indication that Baird had performed any work on the project prior to Starr's arrival.

The work to be done necessitated affixing aluminum conduit, through which electrical wiring could be run, to the walls of the gin. Starr unloaded several items from the truck and brought them inside to the area of the installation. According to Starr, Baird determined where the conduit was to be placed, did some preliminary measuring and assisted in bending the conduit to conform to the plans. The distance measured was between two switch boxes located on one wall, one of the boxes being about ten feet above the floor. Baird climbed a five foot ladder, with four or five steps, to position himself for the measuring. He mounted this ladder two and possibly three times. The conduit was in ten foot lengths and weighed approximately ten to twelve pounds. Starr was unable to remember if Baird held any conduit while he was on top of the ladder; however, it is clear that Baird held a piece of the conduit in determining where it should be placed. Once the measuring was complete, Starr took the aluminum conduit to the back of the truck where he placed it in a vice and cut it to the desired length with a hack saw. He then threaded the pipe so connectors could be fitted to it. Having finished this, he and Baird utilized a portable bender, a lever operated device weighing about twelve pounds, to shape the conduit so it would fit properly between the two switch boxes. The bender, which does not require a great deal of pressure to operate, was used to place three bends in the conduit. With the bending complete, the men took their lunch break. While driving to a cafe in Turkey, Baird complained to Starr that "he had a pain in his chest, or that his chest had been hurting." They were in the cafe about thirty minutes before returning to the gin.

After lunch, the only activity in which Baird engaged was to hold up one end of conduit so it could be measured and marked for cutting. Starr then took this

piece of conduit outside to the truck to cut and thread it. While Starr was performing these tasks, Baird walked to the left side of the truck, fell backward, and died a short time later. There was no evidence that an autopsy had been performed and no death certificate was introduced at the trial.

Appellant introduced into evidence, over appellee's objection, a letter to Dr. Wa To Mok from Dr. D. E. Gholston, a medical doctor who had examined Baird on March 25, 1969. The contents of the letter set forth the findings of Dr. Gholston's examination and explained in medical terminology various symptoms of the patient's condition. The letter further revealed the diagnosis that Baird was suffering from "mild congestive heart failure and that he had angina pectoris." Appellant's purpose in introducing this letter was to prove that Baird was enduring a weakened heart condition prior to the time of his death.

Dr. Robert E. Clark, M.D., was called by appellant to give medical testimony. Dr. Clark did not know Baird and had never treated him. Based on a hypothetical question propounded by appellant's counsel, the doctor was asked his opinion of the cause of death and the producing cause of death, assuming certain facts to be true which in essence are as follows: the activities Baird had participated in the day of his death, that exertion was required by those activities, and that he had not performed those tasks in the past few days or weeks; Baird's prior heart condition and the medication which had been prescribed therefor; the pain in the chest that Baird had complained of on the way to lunch the day of his death; and the sudden manner in which Baird died. Taking these facts as true, Dr. Clark testified that based on a reasonable medical certainty the pain which Baird complained of was angina caused by deprivation of oxygen to the heart muscles. He further testified that the probable cause of death was a heart attack and that "it is very probable" that Baird's climbing the ladder, among the oth-

er exertions he was asked to assume in the hypothesis given, "was the producing cause of his death." On cross-examination, Dr. Clark agreed that a man who had experienced a heart attack and been allowed to return to work may be restricted to lifting no more than twenty-five to thirty pounds of weight, and ten to twelve pounds probably would be within permissible limits. The evidence as developed in the record before us indicates that Baird did not lift more than ten to twelve pounds.

Based on this record, the trial court instructed a verdict for appellee. Complaining thereof, appellant assigns four points of error, primarily contending that the trial court erred in instructing a verdict for appellee because there was sufficient evidence for a jury to determine (1) that Loran Baird's death was due to a heart attack; (2) that due to his physical condition, Loran Baird suffered a strain or overexertion during the course of his employment; and (3) that the strain or overexertion was a producing cause of Baird's heart attack. Appellee joins issue with appellant on her points of error, contending that the trial court's judgment was correct in that there is no evidence of probative force to support a jury finding of heart attack, strain or overexertion, or producing cause. Additionally, appellee in its sole cross-point contends the trial court erred in admitting into evidence the letter, upon which Dr. Clark's conclusions were predicated, because Dr. Gholston's qualifications, training and experience, if any, were not shown, and that except for the letter, any opinion expressed by Dr. Clark would not constitute probative evidence.

■ Well settled within the myriad of legal principles applicable to workmen's compensation law in the state of Texas is that a predisposing bodily infirmity will not preclude or reduce compensation benefits to one who sustains an accidental injury within the scope of his employment. Sowell v. Travelers Insurance Co., 374 S. W.2d 412 (Tex.Sup.1963). It has therefore been held that a heart attack induced

by strain or overexertion while the employee is engaged in his job is a compensable accidental injury within the meaning of the Workmen's Compensation Act, notwithstanding the fact that the afflicted person has been suffering from a weakened heart condition. Midwestern Insurance Company v. Wagner, 370 S.W.2d 779 (Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.). It is the injured workman's burden to prove that he suffered a strain or overexertion during the course of his employment and this fact may not be presumed. Houston Fire & Casualty Ins. Co. v. Biber, 146 S.W.2d 442 (Tex.Civ.App.—San Antonio 1940, writ dism'd jdgmt. cor.).

The determinative inquiry in the appeal before us is set forth in appellant's second point of error, whereby she contends there is sufficient evidence of probative force to support a jury finding of strain or overexertion. The record is completely void of any evidence to support her position.

Assuming arguendo, that Baird suffered a debilitated heart condition prior to the day of his death as indicated in the letter challenged by appellee; that he experienced angina on the fatal day; and that he died of a cardiac arrest, there still remains to be proved the necessary element of strain or overexertion before workmen's compensation death benefits may be awarded. According to the record, Baird primarily engaged in three activities: (1) lifting conduit weighing less than twelve pounds, (2) assisting in bending the conduit, and (3) climbing a five foot ladder two or three times. There is no evidence that the lifting and bending of the conduit was a strain or overexertion on Baird,

and in fact the contrary is evident through the testimony of Starr and Dr. Clark. Furthermore, there is an absence of any evidence that climbing the ladder caused Baird to strain or overexert himself and it is purely speculative whether ascending the ladder was a strain or overexertion on Baird. Even the hypothetical question submitted to Dr. Clark did not contain the terms "strain" or "overexertion," but only the words "exertion" and "exertions" and the phrase "exerting some effort." [1] Dr. Clark's response that Baird's exertion was a probable cause of the presumed heart attack would not be probative evidence that Baird in fact experienced a strain or overexertion, and this is particularly true here since there is no record evidence of medical restraint or warning against Baird's engaging in activities of the type shown by this record. See Whitaker v. General Insurance Company of America, 461 S.W.2d 148 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). In proving a compensable injury under the workmen's compensation law, the element of strain or overexertion must be established by the evidence and may not be presumed. O'Dell v. Home Indemnity Company, 449 S.W.2d 485 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.); Houston Fire & Casualty Ins. Co. v. Biber, supra.

The record reviewed most favorably to appellant is devoid of any evidence that her husband incurred a strain or overexertion while in the course of his employment. Absent this element, there can be no accidental injury which is the producing cause of the alleged heart attack. Therefore, the trial court was correct in instructing a verdict for appellee. The result we have reached in discussing appellant's second

---

1. Following the hypothetical colloquy and at the conclusion of Dr. Clark's direct testimony, the following occurred:

   "Q. Doctor, is what would be exertion to one person, and no ill effects, be overexertion with someone else with a bad heart?

   "A. It definitely would. . . . ."

   But Dr. Clark was not asked whether, and he did not state that, this medical probability had any relation to the deceased, thus leaving no more than a mere presumption insufficient to discharge appellant's burden of proof that Baird suffered a strain or overexertion during the course of his employment. See Houston Fire & Casualty Ins. Co. v. Biber, cited above.

point of error is dispositive of the case and renders a discussion of appellant's other points of error and appellee's cross-point superfluous.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

 Appellant has presented a very able and forceful motion for rehearing, the thrust of which is that the evidence most favorable to appellant raises for jury determination the fact issue of whether Baird's job related activities prior to his death constituted a strain or overexertion. Appellant does not contend that the case was not fully developed in the trial court, but, in effect, seeks a holding that any job related activity hypothetically ascribed to producing a heart attack constitutes evidence of an accidental injury within the scope of the workmen's compensation law. This is not the position taken by our courts, for recovery is allowed in heart attack cases only where there is a job-connected physical strain or overexertion or a particular exciting mental stimulus which precipitates the heart attack; to hold otherwise would relegate workmen's compensation coverage to the status of health insurance which the Legislature has not provided. Olson v. Hartford Accident & Indemnity Company, 477 S.W.2d 859 (Tex. Sup.1972).

The cases on which appellant relies, as well as others considered in connection with the original opinion, again have been reviewed carefully. In each case allowing compensation there was testimony or circumstances from which legally there could be, and was, resolved the fact that the job related activity produced a sudden, unusual or unexpected strain or overexertion precipitating a heart attack. In the case at bar, however, the probative force of the evidence is so weak that it raises only a surmise or suspicion that Baird strained or overexerted himself and, in legal contemplation, is "no evidence" to support a finding of accidental injury, even under the liberal construction given by our Texas courts to the meaning of the words "accidental" and "injury," particularly in heart attack cases.

The motion for rehearing is overruled.