**Robert M. HALEY, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 8073.

Court of Civil Appeals of Texas, Texarkana.

Sept. 5, 1972.

Rehearing Denied Oct. 31, 1972.

Leighton Cornett, Cornett, Echols & Biard, Paris, for appellant.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellee.

RAY, Justice.

This is a workmen's compensation case which arose prior to the amendment of Article 8306, Section 20 by the Sixty-second Legislature. By amendment of Section 20 of Article 8306, Vernon's Ann.T.S., the Legislature redefined the terms "injury," "personal injury" and "occupational disease," effective August 30, 1971.

The case under consideration involved the alleged aggravation of a tubercular condition by the inhalation of grain milling dust by appellant Robert M. Haley while working on his job at the Paris Milling Company in Paris, Texas. Appellant Haley contended that he had been exposed to a constant cloud of dust during the last two years of his employment as a hammermill operator and that the inhalation of the dust had aggravated his preexisting tubercular condition to such an extent that he had become totally and permanently incapacitated. The jury found that Haley suffered from pulmonary tuberculosis prior to the date of his injury, and that the tuberculosis was accelerated or aggravated by inhalation of grain dust on or about January 4, 1969. However, the jury failed to find that such acceleration or aggravation was the result of an accident. Accident was defined as an undesigned or unexpected occurrence, traceable to a definite time and place. The jury further found that appellant was totally incapacitated following January 4, 1969, and that the acceleration, incitement or aggravation of Haley's pulmonary tuberculosis was a producing cause of the total incapacity. The trial court entered

judgment in favor of appellee, Texas Employers Insurance Association. Appellant Haley has duly perfected his appeal to this court and urges the sole point that the jury's finding of no accident does not preclude the appellant from recovering a judgment in his favor. Haley contends that the trial court should have rendered judgment in his favor, notwithstanding the jury finding that the indictment, acceleration or aggravation of his pulmonary tuberculosis was not the result of an accident. The medical testimony established that he suffered from an active case of tuberculosis prior to January 4, 1969, and that his working in the dust environment had aggravated his tubercular condition.

Appellant had engaged in some "horseplay" while on the job and fell against an electrical switchbox. As a result of the fall, appellant suffered trauma to his chest. Following an x-ray examination of the chest area, the tubercular condition was discovered.

In those cases arising prior to the effective date of the amendment to Article 8306, Section 20, V.A.T.S., it was necessary to submit a special issue to the jury inquiring whether the injury was the result of an accident, unless the damage or harm to the body fell within one of the enumerated occupational diseases. The Supreme Court had said in Olson v. Hartford Accident and Indemnity Company, 477 S.W.2d 859 (Tex.Sup.1972, rehearing denied), "For there to be an accidental injury, or an industrial accident, there must be an undesigned, untoward event traceable to a definite time, place and cause." The court further said, "As stated by the late Justice Norvell, the Legislature has not provided health insurance, but has designed the law to provide for compensation for incapacity flowing from an accidental personal injury. Houston Fire & Casualty Co. v. Biber, 146 S.W.2d 442 (Tex.Civ.App.1940, writ dism., judgm. cor.) (cerebral hemorrhage on the job unrelated to strain or physical exertion). As above noted, this court has been liberal in construing both the word 'accidental' and the word 'injury' in cases involving heart attacks, strokes and traumatic neurosis cases, and in holding that there was some evidence of a particular strain, overexertion or shock which caused the incapacity. But, except in the case of the occupational diseases designated by the Legislature, it has adhered to the requirement that there be an accidental injury traceable to a definite time, place, and cause." As we understand the holding in the *Olson* case supra, as it applies to the facts of the case now under consideration by this court, there was an absolute requirement of the trial court that it submit a special issue relative to accidental injury on the date that the case was tried, because the injury was alleged to have occurred on January 4, 1969, a time prior to the amendment of Article 8306, Section 20, supra.

Our conclusion, based on the *Olson* case, is that it was mandatory that the court submit a special issue to the jury relative to accidental injury unless the case involved one of the occupational diseases designated by the Legislature prior to August 30, 1971. A failure of the jury to find accidental injury, or the court to conclude there was an accidental injury in a case tried only to the court, was fatal to the plaintiff's cause before the action of the 62nd Legislature. Since the jury in the present case failed to find accidental injury, and this being a case that had arisen prior to the amendment of Article 8306, Section 20, V.A.T.S., we conclude that the judgment entered by the trial court was correct. Appellant's point of error is overruled. The judgment of the trial court is affirmed.