Judileina (Jessie) Annette MASON,
Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 7065.

Court of Appeals of Texas,
El Paso.

Sept. 23, 1981.

Rehearing Denied Oct. 21, 1981.

Webb, Stokes & Sparks, Sam D. Sparks, Robert Junell, San Angelo, for appellant.

Turpin, Smith, Dyer & Saxe, L. Lloyd MacDonald, Midland, for appellee.

Before PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is a worker's compensation case where the jury determined that the deceased worker suffered a heart attack but failed to find that it was within the course of employment. The case was submitted to the jury on the theory that the heart attack was a result of an occupational disease. The widow complains on this appeal from the take nothing judgment of the trial Court's refusal to submit her definition of an "accidental injury" and of the definition in the charge as given of "occupational disease." We affirm.

Charlie Mason, age 53, was employed as a truck driver hauling oil from field storage to a dump station and had been so employed for some two and one-half months. His tank truck was large and, depending upon the roads, the driving could be strenuous. He was working twelve-hour shifts. The shifts would alternate every week between day and night and the long hours made the work exhausting. His job required that he leave the truck to check various field tanks for the gravity water content of the tank and if the oil was of proper quality, he would hook up his truck hose, load his truck and deliver the load to the dump station. It took approximately thirty minutes to load and thirty minutes to deliver and the process would be repeated three or four times a shift. While most of his time was spent on driving, there were occasions when the work was strenuous as it required the driver to walk up the sixteen stairs of one tank two to four times on one filling and at other times to work thirty to forty minutes on opening a valve. The night work caused anxiety and some pressure on the driver.

On February 2, 1978, Mr. Mason worked the night shift beginning at 6:00 p. m. The weather was freezing but the truck had a heater. By midnight, he had made three trips and at that time Mrs. Mason met him and gave him a sandwich and coffee. He told his wife to follow him to a tank battery where he got out of his truck into the cold and climbed up the steep stairs, at least once, and came back and sat with her in their car. She was surprised at that time to find that he was perspiring and was red faced; he could not catch his breath and he had no appetite. At 6:00 a. m., Mr. Mason was found dead in the seat of his truck in the field yard of his employer's place of business. The motor of the truck was still running.

Mr. Mason had a history of heart trouble and the medical testimony was to the effect that the probable cause of death was a heart attack.

The case was submitted to the jury on the theory that death resulted from an occupational disease under Section 20, Art. 8036 of the Act. The special issues used were identical to those three set out in 2 Texas Pattern Jury Charges at PJC 29.02, 29.04 and 29.09. The first issue inquired if Mason had a heart attack on February 3, and to this the jury answered "yes." The second issue inquired if he had such heart attack in the course of his employment. In connection therewith, the following instruction was given "A heart attack is in the course of employment if it is produced or precipitated by an employee's work or the conditions of his employment; otherwise, a heart attack is not in the course of employment even if it occurs on the job." The jury answered this issue "We do not." The conditionally submitted third issue inquiring "If such injury was a producing cause of the death?" was not answered.

The following definition was also submitted:

'INJURY' shall be construed to mean and include 'OCCUPATIONAL DISEASE', as hereinafter defined.

'OCCUPATIONAL DISEASE' means any disease arising out of and in the course of employment which causes damage or harm to the physical structure of

the body and such other diseases or infections as naturally result therefrom but does not mean ordinary diseases of life to which the general public is exposed except where such diseases follow as an incident to the 'occupational disease.' An 'Occupational Disease' shall also include damages or harm to the physical structure of the body occurring as a result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby.

■ Plaintiff's First Point complains of the failure of the trial Court to include in the definition of injury the first part of Section 20 defining an injury as meaning damage or harm to the physical structure of the body and such diseases and infections as naturally result therefrom. Plaintiff argues that she was also entitled to this definition as well as the definition as given relating the submission of the case as a heart attack arising out of an occupational disease. She points to testimony which she argues is to the effect that the deceased had the heart attack as a result of an accidental injury as that term has been applied in recent Supreme Court cases relating to heart attacks. *Olson v. Hartford Accident & Indemnity Company*, 477 S.W.2d 859 (Tex.1972); *Baird v. Texas Employers' Insurance Association*, 495 S.W.2d 207 (Tex.1973); *Henderson v. The Travelers Insurance Company*, 544 S.W.2d 649 (Tex. 1976); *See also Continental Insurance Company v. Marshall*, 506 S.W.2d 913 (Tex.Civ. App.—El Paso, 1974, no writ).

While the facts before us might be within the limits of allowable recovery permitted by the Supreme Court in its last two cases where the submission was on the theory of accidental injury, and not on occupational disease, we find no error in the failure of the Court to give the requested charge. In the first place, the request is only part of the definition of "injury" and the way the issues were submitted, the "injury" issue was answered in the Plaintiff's favor when

the jury answered Special Issue Number One that the Plaintiff had received a heart attack. That was the injury issue. *See* Texas Pattern Jury Charges, Comments and Issues, at PJC 20.02, 29.01, 29.02. In the second place, the request could add nothing to the jury's consideration of Special Issue Number Two, which was answered against the Plaintiff, as the Court in connection with this latter issue gave the very broad instruction that the heart attack is in the course of employment if it is produced or precipitated by an employee's work or conditions of employment. That instruction by itself is overly broad as it makes no reference to any physical exertion requirement as discussed in the *Baird* case or as finally applied by the majority of the Court in the *Hendricks* case. The First Point is overruled.

■ The Plaintiff next complains that the definition submitted for the meaning of "occupational disease" did not include the phrase "aggravation, excitement, or acceleration." That Point is also overruled. In the first place, the definition of occupational disease as submitted in the trial Court's charge was substantially in the form requested by the Plaintiff for "occupational disease" and the "aggravation" phrase was not included therein. A substantially correct definition or explanatory instruction has not been tendered by the Plaintiff. Rule 279 Tex.R.Civ.P. In addition, the aggravation phrase, as requested, was too broad. Article 8306, Sec. 22, Tex.Rev.Civ. Stat.Ann. (Appendix B), directs there can be no recovery for any aggravation of either a non-compensable disease imposed by an occupational disease, or of an occupational disease imposed by a non-compensable disease. By statute, the two diseases must be separated and recovery assigned only to the occupational disease.

The judgment of the trial Court is affirmed.