**Robbie Nell WILLIAMS, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 08–83–00145–CV.

Court of Appeals of Texas,
El Paso.

Dec. 14, 1983.

Rehearing Denied Jan. 11, 1984.

John Wright, John Wright & Associates, Grand Prairie, for appellant.

James H. Holmes, III, Catherine Gerhauser, Burford & Ryburn, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Robbie Nell Williams appeals from a summary judgment denying her claim for worker's compensation benefits based upon an alleged emotional trauma. We affirm.

Miss Williams became a registered nurse in 1946 and worked in that profession all of her adult life. Most of her employment was in hospital delivery rooms. She worked at Baylor Hospital in Dallas from January, 1962, until May, 1980. She noticed a substantial change in her ability to work as a nurse at age forty-two with the onset of her menopause. She had a notable loss of energy and said she reduced her work week to four days and then later to three days and was only working two days a week by 1980. She had developed some depression following her father's death and had difficulty in getting along with her aging mother. Eventually she moved from her mother's residence and now lives alone.

She said on April 1, 1980, she came to work and learned that Angie Corales, a fellow employee, had told other nurses that she and Robbie Nell had been to lunch together and visited at Miss Williams' mother's house. Miss Williams somehow concluded that Angie Corales was by that conversation with other nurses inciting them against her. She left her employment at Baylor Hospital on May 17, 1980, and has not worked since that time.

Miss Williams acknowledged in her deposition that there was no confrontation with Angie Corales and no argument, but just a misunderstanding. Her testimony can best be viewed from her own answers, as follows:

Q What did Angie say to you?

A I can't remember, except that, she said, you know, that I wouldn't say anything to hurt you or something like that, you know.

Q And what did you say to her?

A I said, I know that. We just talked. We didn't fuss or have an argument or anything. It was just a misunderstanding. That's all.

Q Well, so I understand it correctly, was the disagreement on the job that

caused fear and anxiety within you, did that result from Angie telling other fellow nurses that she had had lunch at your house and been to visit your mother?

A  Well, that's just the straw that broke the camel's back, and after that I felt I couldn't work any longer.

Q  What other things before April 1, 1980, what other straws had been put on the camel's back that had caused you problems from fear and anxiety and worry on the job?

A  That I was getting to the point where I couldn't work any longer. I just didn't have the energy, Mr. Holmes.

Q  Was there anything about your job that was putting undue pressure or just you physically didn't have the energy?

A  Just me physically.

Appellant in her one point of error asserts that the trial court erred in granting summary judgment and that there exists a question of fact for determination by a jury. She relies upon *Bailey v. American General Insurance Company*, 154 Tex. 430, 279 S.W.2d 315 (1955). Although recovery was allowed in that case for disability resulting from a nervous condition, the disability resulted from a sudden accident which involved the claimant and a fellow employee. The court made it clear that the disabling neurosis resulted from an accident. In *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex. 1972), the court again pointed out that the Act was designed to provide compensation for incapacity flowing "from an accidental personal injury." In 1979, the court denied recovery for compensation based upon a claimed "anxiety depression" when the claimant failed to show an event traceable to a definite time, place and cause. *Transportation Insurance Company v. Maksyn*, 580 S.W.2d 334 (Tex.1979). In that case, the court noted that physical activities are identifiable and traceable to a particular accident and that in the case of mental activities there must be more reliable proof of an ascertainable time, place and event.

The court quoted from an Arizona opinion that "a disabling mental condition brought about by the gradual buildup of emotional stress over a period of time and not by an unexpected injury causing event is not compensable unless accompanied by physical force or exertion." We do not believe a "misunderstanding" between two employees meets that requirement.

Somewhat similar facts were before the court in *University of Texas System v. Schieffer*, 588 S.W.2d 602 (Tex.Civ.App.— Austin 1979, writ ref'd n.r.e.). There, an employee claimed compensation benefits for damage or harm caused by repetitious mental traumatic activity as distinguished from a physical activity. After reversing and rendering judgment for the appellant, the court on motion for rehearing noted that "Maksyn did not affect the theory of accidental personal injury accompanied by physical force or exertion." By her own testimony the claimant has established that she did not have a compensable injury under the Texas act and the learned trial court did not err in granting the motion for summary judgment. Point of Error No. One is overruled.

The judgment of the trial court is affirmed.