IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-242-CV





NATIONAL UNION FIRE INSURANCE COMPANY


OF PITTSBURGH, PENNSYLVANIA,



 APPELLANT


vs.





WILLIE MAE ENGELKE, INDIVIDUALLY AND AS NEXT FRIEND


OF KENNETH YOUNG ENGELKE,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 470,669, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 



 



 This is a workers' compensation heart-attack case. Nolan Engelke died of a heart
attack while working at Stop-N-Go as a store manager. His wife and minor son (the "Engelkes")
sought death benefits from Stop-N-Go's workers' compensation carrier, National Union Fire
Insurance ("National"). The Texas Industrial Accident Board denied the benefits. The Engelkes
appealed that decision to the district court. Based on the jury verdict, the trial court awarded them
death benefits under the workers' compensation law. National brings five points of error. We
find that no evidence exists that Mr. Engelke's heart attack occurred as a result of an accidental
injury traceable to a definite time, place, and cause. Thus, we will reverse the trial court's
judgment.

BACKGROUND


 On the night he died, Nolan Engelke was working the 3:00 a.m. to 7:00 a.m. shift
at the Stop-N-Go. He died while sitting on a stool during this shift. Testimony at trial showed
that Engelke's job normally required him to accomplish several strenuous tasks and that Mr.
Engelke was a good employee who always did his job. However, no one saw Mr. Engelke
perform any of these tasks on the night he died, and there was no evidence to show that he had
accomplished any of the required strenuous tasks while working this shift. Nevertheless, the jury
found that Engelke suffered a compensable injury.



DISCUSSION


 National asserts that, as a matter of law, there is no evidence to support the jury's
finding that Mr. Engelke incurred an injury the night of his death. "When reviewing a no
evidence point, an appellate court is limited to reviewing only the evidence tending to support the
jury's verdict and must disregard all evidence to the contrary." Mancorp, Inc. v. Culpepper, 802
S.W.2d 226, 227-28 (Tex. 1990). 

 To recover death benefits under the workers' compensation act, (1) there must be
an injury, (2) received in the course of employment, (3) which caused the death of the employee. 
See North River Ins. Co. of New Jersey v. Gray, 765 S.W.2d 862, 863 (Tex. App. 1989, writ
denied). The Texas Supreme Court has explained that the "evident purpose [of the workers'
compensation law] was to confine its operation to only accidental injuries, and its scope is to be
so limited." Olson v. Hartford Accident & Indemnity Co., 477 S.W.2d 859, 860 (Tex. 1972)
(quoting Middleton v. Texas Power & Light Co., 185 S.W. 556, 560 (Tex. 1916)). It is this
"accidental injury" element of Engelke's claim that is lacking in legal sufficiency.

 "For there to be an accidental injury . . . there must be 'an undesigned, untoward
event traceable to a definite time, place, and cause.'" Gray, at 864, (quoting Olson, 477 S.W.2d
at 859). While circumstantial evidence may be enough to prove this element of the cause of
action, there must be reasonably satisfactory and convincing proof from which a legal inference may be drawn. Texas Employers' Ins. Ass'n v. Clapper, 605 S.W.2d 938, 942 (Tex.
Civ. App. 1980, no writ). (1) 

 In examining the case law, we notice that there has always been some proof that
the heart-attack victim actually performed a strenuous activity while on the job. See, e.g.,
Commercial Standard Fire & Marine v. Thornton, 540 S.W.2d 521 (Tex. Civ. App. 1972, writ
ref'd n.r.e.) (evidence that truck driver performed strenuous labor by loading a truck was
sufficient when it was his responsibility, and the truck was actually loaded); Pan Am. Fire &
Casualty Co. v. Reed, 436 S.W.2d 561 (Tex. Civ. App. 1969, writ ref'd n.r.e.) (evidence
sufficient where employee told co-worker that he intended to drain pump, which was strenuous
labor, when coupled with fact that employee was found next to unhooked drain hose). 

 Although Mr. Engelke's duties at the store normally involved strenuous labor, there
is no evidence to show that he actually performed even one of these physically-demanding duties
before his death. Absent this proof, the Engelkes have failed to show that Nolan Engelke incurred
an accidental injury while on the job which entitles him to recovery under the workers'
compensation law.

 The facts in this cause are analogous to several cases in which plaintiffs were
denied relief in workers' compensation claims. In Gray, this Court held that the claimants could
not recover under workers' compensation because the employee's heart attack was not traceable
to any particular event within a compressed time span. Gray, 765 S.W.2d at 864. Also
analogous is Houston Fire & Casualty Insurance Company v. Biber, 146 S.W.2d 442 (Tex. Civ.
App. 1940, writ dism'd judgment cor.), in which the employee was required to measure the
temperature of cottonseed by thrusting a thermometer thirty feet into the seed. In that case, even
though the employee was covered in cottonseed, the court refused recovery because there was no
evidence that he had performed any stressful activity. The court said that to allow recovery would be to pile "one presumption upon another." The court then reversed the trial court's
judgment for the worker and rendered judgment for the carrier. Id. at 447.

 Travelers Insurance Company v. Smith, 448 S.W.2d 541 (Tex. Civ. App. 1969,
writ ref'd n.r.e.), also contained facts similar to the present one. In Smith, an employee had to
move and carry heavy containers during his job as a well treater. The evidence showed that he
went onto one of his client's property where wells needed to be treated and emerged an hour later. 
However, the court said that this evidence was not sufficient to show that Smith's death resulted
from job-related strain or exertion. "[Performing strenuous activity] could have happened, but
there is not sufficient proof that it did occur." Id. at 545. 

 The record contains no evidence that Nolan Engelke engaged in any strenuous
physical activity at Stop-N-Go which caused an "accidental injury" that is traceable to a definite
time, place, and cause. The evidence merely showed that Mr. Engelke was at work at the time
of his death, he was a good and conscientious worker, he could have or should have done some
strenuous labor in the course of performing his duties, and he had a heart attack at work. This
evidence is not legally sufficient to recover under Texas workers' compensation law. To uphold
a jury finding that Nolan Engelke performed strenuous activity on the night of this death and that
this activity caused his death is to allow a legal conclusion based on the "piling of one
presumption upon another."



 DISPOSITION


 We sustain National's third and fourth points of error on no evidence grounds. We
need not consider the remaining points of error.

 Accordingly, we reverse the trial court's judgment and render judgment that
appellees take nothing.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith;

 Justice Aboussie not participating]

Reversed and Rendered

Filed: April 8, 1992

[Publish]
1. We are aware of the recent Supreme Court decision in Havner v. E-Z Mart Stores, 35 Tex.
Sup. Ct. J. 523 (Feb. 26, 1992), and have carefully considered how it might apply to the case at
bar. Havner concerned a negligence action for wrongful death benefits while the present case is
a statutory workers' compensation cause. Although Havner was also a circumstantial evidence
case, there was substantial objective evidence and expert testimony which indicated that the store
was an unsafe environment in which to work; e.g., no alarm systems, non-transparent windows,
poor external lighting, no out-going telephone line, no employee training, and failure to employ
more than one night clerk. Id. at 525-526. We have no such evidence before us.