**Nadine JACKSON, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 6780.**

Court of Civil Appeals of Texas, El Paso.

March 28, 1979.

Rehearing Denied April 25, 1979.

Malcolm McGregor, Inc., Malcolm McGregor, Philip T. Cole, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, James L. Gallagher, Charles R. Jones, L. Randall Lee, El Paso, for appellee.

OPINION

PRESLAR, Chief Justice.

In this worker's compensation case, death benefits are sought for death resulting from a heart attack. Following trial by jury, the trial Court entered judgment notwithstanding the verdict in favor of the insurer. We affirm.

Appellant's husband, Lewis Jackson, was a long line truck driver for T.I.M.E.–DC Freight Lines. He drove large diesel trucks, usually ten or twelve hours a day, five days a week. On November 19, 1974, he was scheduled to leave for Bowie, Arizona, at 1:00 a. m. He came to the place of work about 12:30 a. m. and was doing some paper work preliminary to leaving when he

became ill with what was later determined to be a heart attack. He returned home and did not work again. On December 25, he suffered another heart attack and death resulted.

 Three special issues were submitted to the jury by which they found (1) that Lewis Jackson suffered a heart attack on November 19, 1974; (2) that such heart attack occurred in the course of his employment; and (3) that such heart attack of November 19 was a producing cause of Jackson's death. As indicated, the trial Court granted Appellee's Motion for Judgment Notwithstanding the Verdict. We affirm the judgment of the trial Court on the basis that there is no evidence to sustain the jury's answer to question No. 2 that the heart attack occurred in the course of employment for the reason that there is no evidence that such heart attack was produced or precipitated by the employee's work or the conditions of his employment within the meaning of the Worker's Compensation Act.

In summary, the evidence in this case is that of a general job description, which job, driving a truck, is stressful. Appellant's pleadings allege an accidental injury—a heart attack on November 19, 1974. There is, however, no contention that there is evidence of some particular strain, exertion or other precipitating event traceable to a definite time, place and cause. On the contrary, Appellant takes the position that such evidence is no longer necessary since the amendment of Section 20 of Article 8306, Tex.Rev.Civ.Stat.Ann. In support of her position that the heart attack was produced or precipitated by Jackson's work or the conditions of his employment, Appellant cites the testimony of four doctors. Dr. Carlos Franco testified that driving a truck is a stressful occupation and that a person with arteries in the condition of Mr. Jackson's should not be in such a stressful occupation; Dr. Jorge Eguez testified that truck driving was stressful and that he had advised Mr. Jackson to consider stopping such work; Dr. Saul Appel testified that emotional stress can trigger a heart attack and that he believed that Jackson was under stress when going to work just before his heart attack. Also, he issues a book to his heart patients which warns that driving is a stressful activity. Dr. Raul Rivera testified that stress is one of the major precipitating causes of heart attacks, and it was his medical opinion that there was a definite causal connection between Jackson's occupation and his heart attack in that driving a truck five days a week ten or twelve hours a day is a stressful occupation. Dr. Eguez was specific that he was talking about "mental" stress and Dr. Appel made it clear that he was talking about "emotional" stress. Appellant asserts that physical stress is no longer a prerequisite to recovery for a heart attack because a heart attack brought on by conditions of employment, physical or mental, and suffered on the job is by definition a compensable injury under Section 20 of Article 8306 as amended. In support of that position, she cites *Henderson v. Travelers Insurance Company*, 544 S.W.2d 649 (Tex.1976). We do not view *Henderson* as holding that mental strain meets the requirements of the statute. In *Henderson*, the employee had his heart attack at the end of a day's work. There was evidence of some mental strain or stress but also there was evidence of physical exertion during the day's work. In reversing a directed verdict for the defendant, the court said: "We believe there is at least some evidence presented which raises an issue as to whether or not Henderson suffered any strain or exertion while at work." P. 652. In *Henderson*, the court did not overrule the cases of *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex. 1972), and *Whitaker v. General Insurance Company of America*, 461 S.W.2d 148 (Tex. Civ.App.—Dallas 1970, writ ref'd n. r. e.). Rather, the court left those cases standing and distinguished them from the fact situation of Henderson. Those two cases are late expressions of our Supreme Court of the long-standing principle of Texas Worker's Compensation Law—that a fact issue of whether a heart attack occurred in the course of employment is not created without evidence of some specific job related

strain or exertion or some undesigned, untoward event traceable to a definite time, place and cause. Appellant has offered no such evidence here, and the evidence of stress and stressful occupation does not suffice under the statute.

The Supreme Court has very recently answered the questions presented by this case in interpreting Section 20 of Article 8306 in *Transportation Insurance Company v. Maksyn*, Tex., 580 S.W.2d 334 (1979). That case involved an occupational disease, but the exhaustive examination of Section 20 is applicable here. It is also applicable here because it is not clear whether Appellant is now claiming an accidental injury as alleged in her original petition or has now changed the theory of recovery to one of occupational disease. In the *Maksyn* case, Justice Pope, speaking for a unanimous court, stated the question to be a determination of whether damage or harm caused by a repetitious mental traumatic activity as distinguished from a physical activity can constitute an occupational disease. The court reversed a judgment for the claimant and rendered judgment that he take nothing based on its interpretation of Section 20 as amended. The court made an exhaustive analysis of Section 20 as amended, taking it sentence by sentence. It concluded that since the first sentence of the Section had not been changed, then the settled law that had developed under the first sentence is also intact, that is:

> That law was that an injury is defined and understood as one that is an undesigned, untoward event that is traceable to a definite time, place, and cause. In other words it is the result of an accident. *Olson v. Hartford Accident & Indemnity Co.*, 477 S.W.2d 859 (Tex.1972); *Texas Employers Ins. Ass'n v. McKay*, 146 Tex. 569, 210 S.W.2d 147 (1948); *Solomon v. Massachusetts Bonding & Ins. Co.*, 347 S.W.2d 17 (Tex.Civ.App.—San Antonio 1961, writ ref'd).

The court then interpreted the fourth sentence of Section 20 as being crucial to the claimant Maksyn's contention that an occupational disease exists when a repetitious mental trauma causes the damage. The court stated that the statute does not support that conclusion, saying:

> The legislature chose to include coverage for physical activities that cause the harm or damage; it excluded coverage for mental activities.

And, said the Court:

> It appears that the Texas Legislature drew its line for compensability for occupational diseases by limiting coverage to those cases in which physical activities cause harm or injury and by denying coverage when mental activities cause the harm or injury. The legislature very well reasoned that physical activities are identifiable and traceable whereas such factors as worry, anxiety, tension, pressure, and overwork are not. In the case of mental activities, there must be the more reliable proof of an ascertainable time, place, and event. *Bailey v. American General Ins. Co.*, 154 Tex. 430, 279 S.W.2d 315 (1955); *Traveler's Ins. Co. v. Garcia*, 417 S.W.2d 630 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.); *Aetna Insurance Co. v. Hart*, 315 S.W.2d 169 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.)

For the reasons stated, the judgment of the trial Court is affirmed.