Marcelino B. CAVAZOS, Appellant,

v.

The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 1508.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 18, 1979.

Roy C. Turcotte, Brownsville, for appellant.

Ferriel C. Hamby, Jr., Charles A. Carlson, III, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a workmen's compensation stroke case. During the trial and at the close of Cavazos (claimant's) evidence, the court withdrew the case from the jury and instructed a take nothing verdict in favor of the Fidelity & Casualty Company (carrier). Claimant contends the trial court erred in granting Carrier's Motion for Instructed Verdict because the evidence presented material issues which should have been submitted to the trier of facts. We affirm.

Up to the time of trial claimant had been employed as a locksmith for the past 26 years. His job as a locksmith required bending, lifting, boring holes in doors and removing locks. In 1965, claimant consulted Dr. Cortez for abdominal stress, nervousness, and high blood pressure. Thereafter, from 1966 to 1970, claimant consulted Dr. Cortez for the purpose of losing weight and controlling his blood pressure. From 1970 through 1975, claimant consulted Dr. Cortez for diabetes, which was detected in 1975, and for the flu.

On January 23, 1976, claimant during the course of his employment, suffered an auto accident in which his body hit the steering column. The accident caused claimant extreme nervousness. On February 7th, claimant consulted Dr. Cortez for chest pains and was prescribed a rib belt which he wore for 8 weeks. After the January accident the nervousness and high blood pressure were difficult to control; hence, Dr. Cortez advised claimant to take two weeks off, which he did. After the two weeks' rest he returned to work, but he was still shaky and under constant medication.

On July 22, 1976, claimant went to work about 7:45 a. m., picked up a work order from his place of employment and drove a Volkswagen van to the residence where the locks were to be changed. Upon arriving at the residence, claimant got out of his van and walked to the house to inquire about the lock changes. The owner was on the phone; hence, claimant sat down to wait. Thereafter, the owner gave claimant the keys and explained what he wanted done. Claimant then walked back to the car, became dizzy and started to walk back to the house, but dropped before reaching the house and suffered a stroke.

At the trial, claimant's counsel questioned Dr. Cortez with the following hypothetical concerning the cause of the stroke:

"Q. Now, doctor, assuming that Mr. Marcelino Cavazos had been working for Landreth's Locksmith Company for 26 years, and assuming he suffered from hypertension during part of this time, as your records indicate and that at one time he contacted diabetes, and then on January 23, 1976, he had a car accident while working for that employer; that he became extra nervous; that of course he went to see his doctor, and his doctor prescribed a belt for his ribs because of that trauma and

that his own doctor recommended that he rest from work because of this high nervousness; and assume that finally he continued to work; and that on about July 22, 1976, Marcelino Cavazos suffered a cerebral vascular accident—Let's assume these facts to be true—now, would the car accident that occurred on January 23, 1976, in the course of his employment and the resulting mental stress therefrom, with the additional stress of his employment, would these events, within reasonable medical probability, have contributed—and I will repeat—have contributed to precipitate the cerebral vascular accident of July 22, 1976?

    \*    \*    \*    \*    \*    \*

A. Yes, sir."

In the case of an instructed verdict our task is to determine whether there was any evidence of probative force to raise fact issues on material questions presented. Upon review, we must consider all of the evidence in its most favorable light in support of the non-movant's position and discard all contrary evidence and inferences. *Anderson v. Moore,* 448 S.W.2d 105 (Tex. 1969); *Triangle Motors of Dallas v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953). When reasonable men differ as to the truth of controlling facts, a jury issue is presented. *Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 207 S.W.2d 365 (1948); McDonald, Texas Civil Practice § 11.28.2 (1970). There is no precise rule to measure probative force and by which to decide if questions of fact are raised by the evidence. *Baird v. Texas Employers' Insurance Association,* 495 S.W.2d 207 (Tex.1973).

A heart attack caused by strain or overexertion may constitute an accidental injury to the physical structure of the body within the meaning of the Workmen's Compensation Act. *Henderson v. Travelers Insurance Company,* 544 S.W.2d 649 (Tex. 1976); *Baird v. Texas Employers' Insurance Company,* supra. In stroke cases, such as the one at bar, there are two issues which

must be resolved. First, it must be determined whether there is evidence of an undesigned, untoward event involving overexertion or strain which is traceable to a definite time, place and cause. *Olson v. Hartford Accident and Indemnity Company,* 477 S.W.2d 859 (Tex.1972). If so, it then must be determined whether there is any evidence of whether such strain or overexertion was a producing cause of claimant's stroke. *Henderson v. Travelers Insurance Company,* supra. With reference to the causal connection required to be established between the overexertion and the stroke the Supreme Court has noted that " . . . in the very nature of these cases, the evidence is most often largely circumstantial or based on answers by medical witnesses to hypothetical questions." *Baird v. Texas Employers Insurance Association,* supra.

In the case at bar, the evidence consisted of claimant's testimony relating his job-related activities on the day in question and the opinion testimony of Dr. Cortez in response to a hypothetical question. The thrust of the doctor's testimony was that a producing cause of claimant's stroke was the "additional stress" of his job. Thus, the doctor's testimony tends to establish the required causal connection between claimant's job and his stroke *only if* there is evidence in the record of the stress or strain of claimant's job referred to in the hypothetical question. *Henderson v. Travelers Insurance Company,* supra. We can find no such evidence in the record in this case. Indeed, there is no testimony by any witness that claimant's job could be strenuous or that claimant actually engaged in any activity involving overexertion or unusual stress.

As noted by the late Justice Norvell, the workmen's compensation law does not provide for health insurance but is purposefully designed to compensate an employee for incapacity flowing from an accidental personal injury while engaged in the performance of his employment. *Houston Fire & Casualty Insurance Company v. Biber,* 146 S.W.2d 442 (Tex.Civ.App.—San Antonio

1940, writ dism'd jdgmt. cor.). It was stated in *Whitaker v. General Insurance Co. of America,* 461 S.W.2d 148, 151 (Tex.Civ.App. —Dallas 1970, writ ref'd n.r.e.):

"The mere fact that an employee dies while on the premises of his employer, and during working hours, is not sufficient. It is incumbent upon one seeking to recover death benefits under the law to prove that the deceased sustained an injury which caused or contributed to cause the death."

In the instant case, there simply is no evidence that claimant sustained an injury on the day in question within the purview of the Workmen's Compensation Act. Hence, the hypothetical question put to Dr. Cortez assumed facts which were not in evidence.

For other cases which withheld recovery for accidental injury on the grounds that there was no evidence to support a finding that the claimant's stroke resulted, at least in part, from some type of overexertion or strain experienced during the course of employment, see *Olson v. Hartford Accident and Indemnity Company,* 477 S.W.2d 859 (Tex.1972) [well logger—abundant evidence of mental stimulus arising from a series of exasperating experiences on the job over a period of 19 days but no evidence of physical strain]; *Whitaker v. General Insurance Company of America,* 461 S.W.2d 148 (Tex. Civ.App.—Dallas 1970, writ ref'd n.r.e.) [filling station attendant—evidence that claimant checked oil, wiped windshields and filled gas tanks]; *O'Dell v. Home Indemnity Company,* 449 S.W.2d 485 (Tex.Civ.App. —Amarillo 1969, writ ref'd n.r.e.) [industrial oilfield mechanic—evidence that claimant's work was normally strenuous but no showing of any unusual strain or overexertion on the day of death]; *Travelers Insurance Company v. Smith,* 448 S.W.2d 541 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.) [pumper and well treater—no direct proof of heavy activity]; *Monks v. Universal Underwriters Insurance Company,* 425 S.W.2d 431 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.) [automobile mechanic engaged in criss-crossing automobile tires—evidence of criss-crossing, jacking and removing lug nuts but no evidence that such work was strenuous or that claimant had lifted any heavy objects]; *Bean v. Hardware Mutual Casualty Company,* 349 S.W.2d 284 (Tex. Civ.App.—Beaumont 1961, writ ref'd n.r.e.) [iron cutter—evidence that claimant hoisted a piece of steel but no evidence that piece of steel was unusually heavy or that work was heavy enough to cause strain or overexertion]; *General Accident, Fire & Life Assurance Corporation v. Perry,* 264 S.W.2d 198 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e.) [member of road maintenance crew—principal duties involved building and repairing fences and operating tractor mover—evidence that tractor had stuck in mud but no evidence that claimant made strenuous efforts to remove tractor]; *Houston Fire & Casualty Insurance Company v. Biber,* 146 S.W.2d 442 (Tex.Civ.App.—San Antonio 1940, writ dism'd jdgmt. cor.) [foreman for cotton oil company—no evidence of actual muscular exertion].

For the reasons pointed out, we hold that there was no evidence to support the vital fact issue of whether claimant suffered overexertion or strain while on the job on the day in question. It follows that the trial court was correct in sustaining the carrier's motion for instructed verdict. The judgment of the trial court must, therefore, be affirmed.

AFFIRMED.

YOUNG, J., not participating.