Betty Ruth BROWN Individually and as Next Friend of Christina Brown, Petitioner,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Respondent.

No. C–851.

Supreme Court of Texas.

June 16, 1982.

Rehearing Denied July 21, 1982.

Calhoun, Morton, Deason & Preslar, Cliff Preslar, El Paso, for petitioner.

Charles E. Anderson, El Paso, for respondent.

RAY, Justice.

This is a workers' compensation case in which plaintiff sought death benefits under the Workers' Compensation Act, Tex.Rev. Civ.Stat.Ann. arts. 8306–8309h, after her husband's fatal heart attack. The trial court rendered judgment in favor of the plaintiff upon a jury verdict. The court of appeals reversed the judgment of the trial court and rendered judgment that plaintiff take nothing. 622 S.W.2d 608. We affirm the judgment of the court of appeals.

Sidney Brown was a repairman for a telephone company. Repairmen would report to work around 8:00 a. m. every morning and receive assignments throughout the day. The company employees were periodically evaluated concerning their work time, quality and attendance. Under the company's guidelines, a satisfactory clearing time for an assignment was forty-eight to fifty-two minutes per job.

In 1977, Brown was counseled that his clearing time and absenteeism were unsatisfactory, and in September of 1978, he was again counseled about his clearing time. In December, 1978, he was placed on a six month's warning due to absenteeism. This warning expired two months before his death. About five months before his death he was evaluated as having an outstanding clearing time, but the quality of his work was rated "marginal."

Two days before Brown's death, on August 4, 1979, he had a difficult case. On August 6, 1979, he told his supervisor about the problem, and the supervisor told Brown he would accompany him if the customer called again. After Brown finished his first assignment, he learned that the next assignment was the unsatisfied customer. His supervisor did accompany him on the case, and the problem was worked out, but the assignment took at least an hour and a half. Brown's third assignment was to exchange telephones. At noon that day, he was found dead in his truck.

Brown's wife, Betty Ruth, brought this action for death benefits, claiming accidental injury produced by stressful work conditions. The jury found that Brown's heart attack occurred in the course and scope of his employment, and judgment was rendered for Mrs. Brown for $8,517.00 and $105 a week for life. The court of appeals reversed the judgment of the trial court and rendered judgment for the defendant. It held there was no evidence that Brown was under any mental stress the two days before his death, and thus, there was no evidence of an undesigned, untoward event that is traceable to a definite time, place, and cause.

Mrs. Brown argues that the court of appeals erred because there was evidence of events that were stress producing to Brown and led to his fatal heart attack. She asserts that the evidence reveals that Brown was under stress due to problems with his clearing time and absenteeism. The day of his death he had a case which required an unusually long clearing time, well above the acceptable level under the standards of the company.

To determine if there is evidence of a compensable accidental injury, we consider only the evidence which tends to support a finding that on the day of his death Brown was under mental stress which caused his heart attack. *Stodghill v. Texas Employers Insurance Association*, 582 S.W.2d 102, 103 (Tex.1979).

The court of appeals cited several cases which have allowed recovery for accidental injury in cases involving mental trauma. In *Bailey v. American General Insurance Co.*, 154 Tex. 430, 279 S.W.2d 315 (1955), this Court held that neurosis suffered by a steel worker after he witnessed a nearby fellow worker fall to his death was an injury compensable under the Workers' Compensation Act. The court in *Aetna Insurance Co. v. Hart*, 315 S.W.2d 169 (Tex.Civ. App.—Houston 1958, writ ref'd n.r.e.), allowed compensation for a stroke suffered by an employee of a cleaning business after she was violently berated by a customer. In *Bailey* and *Hart*, there was evidence of

an undesigned, untoward event traceable to a definite time, place and cause.

Where there is no evidence of a particular event causing the injury, there can be no recovery. In *Olson v. Hartford Accident & Indemnity Co.*, 477 S.W.2d 859 (Tex.1972), this Court affirmed a take-nothing judgment for a claimant under the Workers' Compensation Act, because there was no showing that three or four frustrating events several days prior to the claimant's heart attack had any connection with the heart attack. In *Jackson v. Liberty Mutual Insurance Co.*, 580 S.W.2d 70 (Tex.Civ.App. —El Paso 1979, writ ref'd n.r.e.), the court held that evidence that a truck driver's job was stressful was not an event sufficient to prove a compensable injury from a heart attack under the Act.

There was testimony elicited from Bob Bullard, a friend and co-worker of Brown, as follows:

"Q. Mr. Bullard, if we assume that prior to his death Sid Brown had been warned about his clearing time and had been warned about the quality of his work and he had been warned about his absenteeism, do you, having been in repair, have an opinion as to whether or not, on a particular morning, a case of trouble took some hour and a half, two hours, and he had to call the supervisor out, that would place some sort of stress on Sid Brown?

A. I believe it would.

Q. That's from you knowing the type of man he was?

A. Yes."

The facts set forth in the hyothetical question were insufficient to provide a basis for Bullard's opinion. Therefore, Bullard's testimony is no evidence that Brown was under stress as a result of the hour-and-a-half "case" on the day of his death. Bullard knew nothing of the details of the particular event which allegedly caused Brown's heart attack. The supervisor voluntarily accompanied Brown to the customer's place of business where Brown remained in the hallway while the supervisor explained to

the customer that the problem was in his own equipment. Further, the supervisor was delayed, not by Brown's work, but because the customer's son, to whom he had to explain the problem, was not immediately available. The hypothetical question, because it omitted the details of the case, was insufficient to support Bullard's opinion.

Mrs. Brown also relies on the testimony of the doctor who performed the autopsy on her husband. The doctor testified that stress at work could have caused the heart attack. He was also asked to assume Brown's prior problems with clearing time and absenteeism, the periodic review of work by the phone company, and the length of the assignment the day of his death. He was then asked if, in reasonable medical probability, those items precipitated the heart attack. The doctor considered the fact that Brown was forty-nine years of age and that jobs can be hard to change at forty-nine. He also presumed that Brown needed the money he made from the job. He then stated that "because of those reasons, I think it probably did." It is apparent that he was assuming Brown was under stress due to the hour-and-a-half assignment. However, he knew none of the facts concerning the assignment. Neither had he known Brown nor anything about Brown's temperament. Therefore, like Bullard, the doctor did not have sufficient facts on which to base an opinion. Accordingly, the doctor's testimony is no evidence that Brown experienced a stressful event which caused his heart attack.

Mrs. Brown relies on *Transportation Insurance Co. v. Maksyn*, 580 S.W.2d 334 (Tex.1979). *Maksyn* is not contrary to our decision. In that case, Maksyn claimed compensation for occupational disease due to anxiety and depression caused by mental trauma. He did not claim compensation for accidental injury. We held that Maksyn could not recover for occupational disease, but we recognized that mental trauma can produce an accidental injury if there is proof of a definite time, place and cause. While *Maksyn* stands for the proposition that one may recover Workers' Compensation for accidental injury due to mental

trauma, Mrs. Brown did not adduce any evidence of accidental injury compensable under the Act.

Accordingly, we affirm the judgment of the court of appeals.