**Antonio TORRES, et al., Appellants,**

v.

**CHRYSLER CREDIT CORPORATION, Appellee.**

**No. 2440cv.**

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

Everardo Abrego, Tex. Rural Legal Aid, Inc., Edinburg, for appellants.

H.H. Rankin, Jr., Rankin & Kern, McAllen, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Antonio Torres, together with his wife and children, sued the Chrysler Credit Corporation for wrongful repossession of their van. Upon the close of the plaintiff's evidence, the trial court granted the defendant's motion for an instructed verdict. We affirm.

The Torres family alleged in their petition that Mr. Torres and Chrysler entered a retail installment contract for the purchase of the van; that Mr. Torres complied with the contract terms by making fifteen monthly payments; that the van was seized by agents of the Drug Enforcement Administration (DEA) the day after Mr. Torres' arrest for possession of a controlled substance; and that the DEA handed the van over to Chrysler on September 18, 1975, without proper notice to Mr. Torres. They claimed that the receipt of the van by Chrysler constituted wrongful repossession for which they were entitled to money damages.

When the plaintiffs rested their case, the defense moved for an instructed verdict based on twelve grounds. Although the trial judge initially denied the motion, he changed his ruling after hearing further argument.

▇ In determining whether to grant an instructed verdict, the trial court must consider the evidence in the light most favorable to the non-movant. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752, 753 (Tex.1970). Our task is to examine the record for the existence of any evidence of probative force on material fact issues. *Cavazos v. Fidelity & Casualty Co. of New York,* 590 S.W.2d 173, 175 (Tex.Civ.App.—Corpus Christi 1979, no writ). If there is no evidence of probative value, an instructed verdict is proper. *Hamilton v. Motor Coach Industries, Inc.,* 569 S.W.2d 571, 574 (Tex. Civ.App.—Texarkana 1978, no writ).

▇ In the case before us, Chrysler contended that the appellants failed to present evidence of a wanton, wilfull or malicious taking of the van. After examining the record, we have found evidence that the DEA took the van and delivered it to Burns Motor Company, but no evidence of the transfer by the DEA to Chrysler. Thus, there is no evidence on the most crucial issue in the case: that Chrysler took the van. We believe that this failure in proof entitled Chrysler to an instructed verdict.

▇ The appellants argue that we may uphold the trial court only if we find that late payments gave Chrysler the right to repossess. Although the arguments immediately prior to the court's ruling concentrated on this issue, the ruling which granted the instructed verdict did not expressly identify this sole ground as the reason for its ruling. Even if we were willing to imply, as the appellants have, that the trial judge based his ruling on the late payments issue, our review would not be limited to whether the trial court chose the correct reason for its decision.

When the movant urges several reasons as grounds for an instructed verdict and the trial court grants the motion without specifying a rationale, we will uphold the ruling if any ground urged was sound. *Goldring v. Goldring*, 523 S.W.2d 749, 758 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n.r.e.). Even where the trial court assigned an incorrect reason for granting the motion, we will affirm if we find that one of the grounds asserted by the movant is valid. *Hotchkiss v. Texas Employers' Insurance Ass'n*, 479 S.W.2d 336, 339 (Tex.Civ.App.— Amarillo 1972, no writ).

We do not believe that the trial court granted the motion for a specific reason. Even if we did, in light of the above cited authority, we would be justified in affirming the trial court for any of the reasons listed in the motion for instructed verdict. All of appellants' points of error are overruled.

The judgment of the trial court is affirmed.