## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## Venita COURTNEY, Widow and Qualified Community Survivor of the Estate of Bennie R. Courtney, Deceased, Appellee.

### No. 08–85–00261–CV.

Court of Appeals of Texas, El Paso.

May 7, 1986.

Rehearing Denied June 4, 1986.

Julia Vaughan, Barry N. Beck, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Ruff Ahders, Ruff Ahders Associated, Odess, Michol O'Connor, Haight, Gardner, Poor & Havens, Houston, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a judgment on a jury verdict in a workers' compensation suit. The court awarded Appellee, Venita Courtney, death benefits as the widow of Bennie R. Courtney. The jury found that the deceased sustained a heart attack in the course of his employment which was a producing cause of his death. Appellant complains that the evidence was legally insufficient to establish that the fatal heart attack occurred in the course of decedent's employment because there was no probative evidence that he experienced a particular strain, exertion, or other precipitating event while on the job. Alternatively, Appellant argues that the finding that the heart attack occurred in the course of the decedent's employment was against the overwhelming weight and preponderance of the evidence and manifestly unjust. We affirm.

Mr. Courtney's family had a history of heart attacks. Two brothers had died of heart attacks, one at the age of forty-two and one at fifty-four years of age. His father had died of a heart attack while in

his sixties. Mr. Courtney, who was fifty-one years old at the time of his death, was granted disability by the Army in 1947 for acute rheumatic fever causing a mitral insufficiency. In August, 1980, Mr. Courtney passed out from heat exhaustion while at work. Prior to his heart attack, Mr. Courtney had not complained of having heart problems or chest pains, but had occasionally complained of feeling weak. He did indicate to one co-worker that he believed that he would ultimately die of a heart attack.

Employed as a welder's helper by Phillips Petroleum Company, Mr. Courtney was a conscientious worker, and worried constantly that he might fail to correctly perform his work. On January 6, 1982, Mr. Courtney reported to work at a job site where his crew was repairing a leak in a twenty-four-inch pipe line. The crew members had been assembled at the job site for fifteen-to-twenty minutes when Mr. Courtney proceeded to the company truck to retrieve a buffer or grinder from the tool box. The top of the tool box was four feet off the ground and made of ⅛ inch sheet metal. The box was shoulder high to Mr. Courtney and its lid weighed approximately 2½ pounds. Almost immediately after raising the tool box lid, Mr. Courtney collapsed. Up to that point, Mr. Courtney had not complained or shown any signs of feeling ill that morning.

Two medical experts testified. Dr. Connie Clifford Hutton, a thoracic cardiovascular surgeon, testified for Appellee, and Dr. Bryan D. Mohr, a specialist in cardiovascular medicine, testified for the Appellant. Both doctors agreed that Mr. Courtney had suffered a heart attack.

Dr. Hutton testified that any type of increased activity can cause a heart attack. According to Dr. Hutton, Mr. Courtney's family history and risk factors indicated a high probability of coronary disease and in such condition it was medically probable that lifting the tool box lid precipitated the heart attack. He also testified that worry can cause a great amount of physical stress for the body.

Dr. Mohr testified that although Mr. Courtney had sustained heart damage as a result of rheumatic fever, it was not a serious or debilitating condition and rheumatic heart disease did not contribute to his death. He also testified that Mr. Courtney's fainting incident was not as serious as heat exhaustion or heat stroke, but was only heat induced fainting which did not cause any permanent damage. Dr. Mohr further stated that Mr. Courtney did have severe coronary artery disease which had developed over many years, but he believed that Mr. Courtney's death was not related to his occupation because at the time the attack occurred, Mr. Courtney was not performing an activity which would put a strain on his heart. According to Dr. Mohr, raising the lid of a tool box could not precipitate a heart attack. On cross-examination, Dr. Mohr admitted that stress can precipitate, aggravate, or accelerate a heart attack and that the amount of stress necessary to trigger a heart attack was relative to the extent of the patient's artery disease. He also indicated that the greatest risk factors for heart attack are age, male sex, hypertension, cholesterol level, use of tobacco and heredity.

Appellant challenges both the legal sufficiency and the factual sufficiency of the evidence to support the jury finding that Mr. Courtney's fatal heart attack occurred in the course of his employment. In determining whether there is no evidence to support the jury finding, this Court must consider only the evidence and inferences which tend to support the jury finding and disregard all evidence and inferences to the contrary. *Stodghill v. Texas Employers' Insurance Association*, 582 S.W.2d 102, 103 (Tex.1979); *U.S. Fire Insurance Company v. Rearden*, 695 S.W.2d 758, 760 (Tex.App.—El Paso, 1985, no writ). The evidence and inferences from the evidence supporting the jury verdict in this case are sufficient to withstand a no evidence challenge.

Where the sufficiency of the evidence is challenged, however, we must consider all the evidence in the case to determine if the

finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Rearden,* supra, at 761–62.

A heart attack caused by strain or overexertion is an accidental injury to the physical structure of the body within the meaning of the Workers' Compensation Act. *Henderson v. Travelers Insurance Company,* 544 S.W.2d 649, 650–51 (Tex.1976); *Baird v. Texas Employers' Insurance Association,* 495 S.W.2d 207, 211 (Tex.1973). To recover, a claimant must establish that a particular event caused the heart attack. *Brown v. Texas Employers' Insurance Association,* 635 S.W.2d 415, 416–17 (Tex. 1982). The event must be traceable to a definite time, place and cause. *Olson v. Hartford Accident and Indemnity Company,* 477 S.W.2d 859, 860 (Tex.1972). The particular event which caused Mr. Courtney's heart attack was lifting the tool box lid to remove his tools. The evidence is undisputed that the heart attack occurred almost immediately after this event. Although this task may not be looked upon as a great physical strain or exertion, the requisite strain or exertion may be less for someone suffering from a preexisting circulatory problem. *Baird,* supra; *Continental Insurance Company v. Marshall,* 506 S.W.2d 913 (Tex.Civ.App.—El Paso 1974, no writ); *Texas Employers' Insurance Association v. Brown,* 622 S.W.2d 608 (Tex.Civ.App.—El Paso 1981) affirmed, 635 S.W.2d 415. In *Baird,* the decedent had climbed a five-foot ladder and helped lift a ten-to-twelve pound piece of aluminum conduit. Mr. Baird had previously been diagnosed as suffering from mild congestive heart failure and angina pectoris. A physician testified that based on reasonable medical certainty, the decedent's exertions were the producing cause of his death. *Baird,* supra, at 208–210. The Supreme Court reversed an instructed verdict for the employer's compensation carrier and remanded the case for a factual determination of whether the decedent had suffered an injury in the course of his employment and if so, whether such was a producing cause of his death. In *Marshall,* the decedent had previously suffered a heart attack and an episode of passing out from postural hypertension. He was employed by an oil company as a pump station operator. The events precipitating his heart attack were ascending nine concrete steps and possibly using force to open an oil control valve. A doctor testified that the decedent's heart attack was most probably caused by these physical exertions. We affirmed the jury's finding that the heart attack had occurred in the course of his employment and that it was a producing cause of his death.

Appellee's case presents a similar situation. Both physicians testified that the decedent had preexisting heart problems. Although the strain experienced by Mr. Courtney may have been slight, Dr. Hutton's testimony that lifting the tool box lid in medical probability caused the heart attack, supports the jury's finding that the heart attack did occur in the course and scope of Mr. Courtney's employment.

In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Alford, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

*Commonwealth Lloyds' Insurance Company v. Thomas,* 678 S.W.2d 278, 289 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.). The Appellant's points of error are overruled.

The judgment is affirmed.

OSBORN, Justice, dissenting.

I respectfully dissent. The proof in this case establishes an occurrence that is traceable to a definite time and place. It does not establish that the occurrence resulted in or caused any strain or overexertion. The occurrence came at about 8:45 a.m. just as the Phillips Petroleum Company crew arrived in the field to repair a leaking gas line. Debra Barnes, a co-employee and witness for the Appellee, testified that she was standing on the left side of the truck, toward the rear, and she said, "I could see him (Mr. Courtney) clearly." She testified that he had raised the lid on the tool box on the welding truck, took out his hard hat and put it on and collapsed within thirty to forty-five seconds. He did not remove anything from the tool box other than his hat. She testified that his opening the lid on the tool box was the first physical labor that he had done that day.

Hershel Dennis, a Phillips employee who designed the tool box, testified the top of the box was forty-eight inches above the ground. It was made of ⅛ inch sheet metal. He said he had opened and closed it many times. He further testified that opening the lid would take very minimal physical effort and that "it wouldn't be as hard as opening and closing a car door."

The Texas Supreme Court has reviewed several cases involving heart attacks and set forth applicable rules by which a determination is to be made concerning whether a claimant sustained an "accidental injury" under the Workers' Compensation Law.

In *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex. 1972), the Court said:

> For there to be an accidental injury, or an industrial accident, there must be an undesigned, untoward event traceable to a definite time, place, and cause.

The opinion by Justice Greenhill affirmed this Court's "take-nothing judgment because there was no showing of any strain, exertion, traumatic shock, or particular exciting mental stimulus which precipitated the heart attack." That opinion listed cases where there had been recovery for heart attacks, strokes and traumatic neuroses involving particular events. Justice Greenhill concluded by noting that the Court had been "liberal * * * in holding that there was some evidence of a particular strain, overexertion or shock which caused the incapacity."

The following year in *Baird v. Texas Employers' Insurance Association*, 495 S.W.2d 207 (Tex.1973), the Court reviewed a case where the employee sustained a fatal heart attack after lunch while working on a five-foot ladder to install electrical conduit. Mrs. Baird claimed that climbing the ladder "did constitute strain and overexertion to Mr. Baird, because of his weakened physical condition." In concluding that the evidence raised a fact issue, the Court said:

> [I]t is now well settled that a heart attack caused by strain or over-exertion is an accidental injury to the physical structure of the body within the meaning of the Workmen's Compensation Act * * *.

The Court in that case distinguished the holding in *Whitaker v. General Insurance Company of America*, 461 S.W.2d 148 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r. e.), because in that case "there was no evidence of probative force that work requiring strenuous exertion or strain was performed by the workman * * *." The Court also refused to follow *Monks v. Universal Underwriters Insurance Company*, 425 S.W.2d 431 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.), where there was "no probative evidence that the work being performed by the deceased at the time of the heart attack was strenuous or required overexertion * * *." That decision was apparently "too liberal" for Chief Justice Greenhill and he noted his dissent.

In the next important case, *Henderson v. Travelers Insurance Company*, 544 S.W.2d 649 (Tex.1976), the employee, at the end of a day's work as an air hoist operator, had a heart attack and died. In that case, the plaintiff proved by an air hoist operator that the tasks Mr. Henderson had performed were physically strenuous and that it was a demanding job. Justice

McGee noted: "In the case now under consideration, it was revealed that Henderson had worked a full shift doing a job that could often be strenuous in nature." The Court again held that there was a fact issue for determination and relied primarily upon its holding in the *Baird* case "that a heart attack caused by strain or over-exertion is an accidental injury to the physical structure of the body within the meaning of the Workmen's Compensation Act * *." This time Chief Justice Greenhill wrote a dissent.

Following those cases, this Court in *Jackson v. Liberty Mutual Insurance Company*, 580 S.W.2d 70 (Tex.Civ.App.— El Paso 1979, writ ref'd n.r.e.), affirmed a judgment n.o.v. in a case where a truck driver suffered a heart attack while doing some paper work preliminary to leaving on a scheduled out-of-state trip. Chief Justice Preslar noted:

> [T]hat a fact issue of whether a heart attack occurred in the course of employment is not created without evidence of some specific job related strain or exertion or some undesigned, untoward event traceable to a definite time, place and cause.

Later, in *Texas Employers' Insurance Association v. Brown*, 622 S.W.2d 608 (Tex.App.—El Paso 1981), affirmed, 635 S.W.2d 415 (Tex.1982), this Court in a heart attack death case involving an alleged mental stress reversed and rendered a take-nothing judgment. Justice Ward, in the Court's opinion, said:

> Here the Plaintiff meets head-on the Court made limitation applicable to heart attack cases that generally there must be proof of an actual job-related strain and over-exertion before recovery will be permitted.
>
> \* \* \* \* \* \*
>
> The "strain and exertion" requirement has been adopted by the Supreme Court primarily to insure that the injury of a heart attack is indeed causally related to the work activity of an employee.

In affirming our decision, the Court in an opinion by Justice Ray noted those cases which have held that there must be evidence of an undesigned, untoward event traceable to a definite time, place and cause. Since that case involved a mental stress, the Court was not concerned with the issue of a physical strain or overexertion.

What conclusions can be drawn from these cases? First, heart attack cases involving mental and emotional stress must be based upon an occurrence or event which is traceable to a definite time, place and cause. *Brown v. Texas Employers' Insurance Association*, supra; *Olson v. Hartford Accident and Indemnity Company*, supra. Second, heart attack cases involving physical activity must be based upon some type of physical strain or overexertion. *Henderson v. Travelers Insurance Company*, supra; *Baird v. Texas Employers' Insurance Association*, supra. Third, the physical strain or overexertion may result from the collective efforts required in a day's work rather than a single isolated incident. *Henderson v. Travelers Insurance Company*, supra; *Baird v. Texas Employers' Insurance Association*, supra. Fourth, the physical strain or overexertion required will be less for one suffering a preexisting abnormal heart condition. *Baird v. Texas Employers' Insurance Association*, supra; *Continental Insurance Company v. Marshall*, 506 S.W.2d 913 (Tex.Civ.App.—El Paso 1974, no writ). Fifth, but even where there is a preexisting condition which makes a person more susceptible to a heart attack, performing a task which requires no more than normal physical exertion will not make an "on the job" heart attack compensible. *Jackson v. Liberty Mutual Insurance Company*, supra.

In this case, before medical evidence could establish that a strain or overexertion was a producing cause of the fatal heart attack, it was necessary to establish that the work performed resulted in a strain or overexertion by the deceased employee. Not a single witness suggested that opening the lid on the tool box resulted in any type of strain or overexertion. The best

description was that it involved "very minimal physical effort"—less than opening a car door. If very minimal physical effort is to qualify as a strain or overexertion, then signing one's time sheet should qualify and our decision in *Jackson v. Liberty Mutual Insurance Company*, supra, should be overruled; it cannot be distinguished. Both of these cases involved workmen with preexisting conditions, both involved heart attacks at the beginning of the day's work and both involved minimal physical effort.

I am unable to distinguish the "minimal physical effort" in this case from the holdings in:

(1) *Houston Fire & Casualty Ins. Co. v. Biber*, 146 S.W.2d 442 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt cor.), where Justice Norvell noted that there was no direct evidence of "strenuous physical exertion" by a foreman of a cottonseed house;

(2) *General Accident, Fire & Life Assur. Corp. v. Perry*, 264 S.W.2d 198 (Tex. Civ.App.—Galveston 1954, writ ref'd n.r. e.), where Chief Justice Hamblen said there was no evidence of exertion or strain by a tractor driver which caused his heart attack;

(3) *Monks v. Universal Underwriters Insurance Company*, supra, where Justice Sellers found no probative evidence that a workman rotating automobile tires was doing work which was "strenuous or required overexertion";

(4) *Travelers Insurance Company v. Smith*, 448 S.W.2d 541 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.), where Justice Ward in a case involving an oil field pumper found "no evidence of probative force in this record to establish that Mr. Smith sustained a strain in the course of his employment * * * ";

(5) *Whitaker v. General Insurance Company of America*, supra, where Justice Williams in a case involving a service station employee said, "[t]here is no evidence of probative force in this record that Mr. Whitaker was required to perform work that required strenuous exertion or strain";

(6) *Cavazos v. Fidelity & Casualty Company of New York*, 590 S.W.2d 173 (Tex.Civ.App.—Corpus Christi 1979, no writ), where Justice Bissett in a case involving a locksmith said, "[f]irst, it must be determined whether there is evidence of an undesigned, untoward event involving overexertion or strain which is traceable to a definite time, place and cause" and further noted, "there is no testimony by any witness that claimant's job could be strenuous or that claimant actually engaged in any activity involving overexertion or unusual stress."

In this case, the argument is made that just prior to his heart attack Mr. Courtney was going to the tool box to obtain a buffer to be used in repairing the pipeline leak. There is no evidence that he ever removed the buffer from the tool box and the most favorable inference that may be made on a "no evidence" point is that he reached into the tool box before he collapsed. The Appellee does not even suggest that reaching into the tool box, if in fact the evidence justifies that conclusion, constituted a strain or overexertion.

Believing that there is no evidence of a strain or overexertion, I would sustain the Appellant's Points of Error Nos. One and Two. In considering all of the evidence in the record, including the testimony of Hershel Dennis that opening the lid would take very minimal physical effort, I would also sustain Point of Error No. Three and find that the verdict is against the great weight and preponderance of the evidence.